[Civ. No. 44917. Second Dist., Div. Three. Apr. 29, 1975.]

ROBERT ALLEN FREDERICK, Plaintiff and Appellant, v.
THE JUSTICE COURT FOR THE FIRST JUDICIAL DISTRICT
OF SAN LUIS OBISPO COUNTY, Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

## COUNSEL

Wright, Jenkins & Ream and James D. Ream for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Robert N. Tait, District Attorney, and Robert B. Lilley, Deputy District Attorney, for Real Party in Interest and Respondent.

## OPINION

**COBEY, J.**—Petitioner, Robert Allen Frederick, appeals from an order of the superior court denying him a writ of mandate directing respondent justice court, in effect, to order the diversion of his criminal prosecution for violation of Health and Safety Code section 11377 (former § 11910), possession of amphetamines, a misdemeanor, pursuant to Penal Code section 1000 et seq., without including the following condition—that

petitioner permit his person, residence, automobile and possessions to be inspected or searched for contraband by his probation officer or any law enforcement officer at any time during the period of the diversion without prior notice.[1] The superior court found, in effect, that the condition was a reasonable one and therefore valid.

The appeal lies. (See Code Civ. Proc., §§ 1110, 904.1, subd. (a); 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 55, pp. 4069-4070.)

■ The question presented is whether a court has the inherent power to add as a condition to its order of diversion an express waiver of a fundamental constitutional right that is neither specified nor implied in the statutes authorizing diversion. Here, petitioner met the four conditions of eligibility for diversion enumerated in Penal Code section 1000, subdivision (a). The district attorney concurred.[2] Petitioner indicated his willingness to consent to the proposed diversion and to waive as an incident thereof his constitutional and statutory right to a speedy trial. The probation officer, following an investigation, reported that he also recommended the proposed diversion and respondent court, after a hearing, determined, in effect, that petitioner met all the requirements specified in Penal Code sections 1000.1, subdivision (a), and 1000.2, but then announced that it would order the diversion of petitioner's criminal case only if petitioner also consented to the additional condition at issue.

## DISCUSSION

Other divisions of this statewide court have taken the view, in effect, that the diversion alternative to criminal prosecution is wholly statutory in scope and, therefore, neither district attorneys nor courts generally are free to deviate from it. In *People* v. *Fulk,* 39 Cal.App.3d 851, 854-856 [114 Cal.Rptr. 567], it was held that the district attorney lacked the power

---

[1]Pursuant to rule 12(a), of the California Rules of Court, we have added to the record on appeal certified copies of the felony and misdemeanor docket sheets of respondent court and of the criminal complaint, police report and laboratory report filed in respondent court. From the record so augmented it appears that the district attorney initiated the diversion proceeding pursuant to a plea bargain since petitioner was originally charged with violations of Health and Safety Code sections 11350 (possession of heroin), a felony, 11357 (possession of marijuana), a misdemeanor, and Vehicle Code section 23123 (possession of opened alcoholic beverage container in motor vehicle), a misdemeanor.

[2]This concurrence, although still appearing in Penal Code section 1000.2, is no longer necessary as our Supreme Court has held that the requirement violates article III, section 3 of our Constitution (the separation of powers provision). (See *People* v. *Superior Court (On Tai Ho)* 11 Cal.3d 59, 61, 68 [113 Cal.Rptr. 21, 520 P.2d 405].)

to add to the four conditions of eligibility for diversion enumerated in Penal Code section 1000, subdivision (a), and, therefore, could not validly determine that Fulk was ineligible for the diversion of the criminal case against him because he had been charged with violation of Vehicle Code section 23102 (misdemeanor drunk driving) as well as possession of marijuana. In *People* v. *Cina,* 41 Cal.App.3d 136, 140 [115 Cal.Rptr. 758], it was similarly held that a trial court may not liberalize the statutory conditions of eligibility for diversion by adding thereto an offense—cultivation of marijuana—not specified in the just-mentioned statutory subdivision.

The situation presented in this case is much like the ones presented in the foregoing cases. The statutes authorizing diversion require that defendants in certain narcotic or drug abuse cases waive, as a condition to having their criminal cases diverted, *one* constitutional right—the right to a speedy trial. Respondent court here added as a condition to a diversion of petitioner's case a waiver of a *second* constitutional right—the right to be free from unreasonable searches and seizures. (See U.S. Const., Amend. IV; Cal. Const., art. I, § 13.) This it had no power to do with respect to a program wholly the creature of statute and unknown to the common law.

Our Supreme Court reached much the same conclusion in deciding in *Morse* v. *Municipal Court,* 13 Cal.3d 149, 160 [118 Cal.Rptr. 14, 529 P.2d 46], that "Defendants eligible for diversion may tender usual pre-trial motions [including those pursuant to Pen. Code, § 1538.5] prior to their expression of consent to consideration for diversion." There, the Court pointed out that "mention of one thing implies exclusion of another" (*id.* at p. 159) and, therefore, mention in the diversion statutes of waiver of the constitutional and statutory right to a speedy trial as a condition of eligibility for diversion would appear impliedly to exclude waiver of any other constitutional right unmentioned in such statutes as a further condition of such eligibility. The court went on to say, in effect, that the canon of construction requiring that Penal Code sections generally be construed favorably to defendants likewise calls for an interpretation of the diversion statutes holding that the opportunity for diversion be free from restrictive conditions not actually written into them by the Legislature. (*Id.*) This principle also would appear to be fully applicable to the situation before us.

The fact that conditions similar or identical to the one in issue here may, when reasonable, be constitutionally applied to probationers and to

those narcotic addicts (or those in danger of becoming such) on out-patient status (see *People* v. *Mason,* 5 Cal.3d 759, 764-765 [97 Cal.Rptr. 302, 488 P.2d 630], cert. den., 405 U.S. 1016 [31 L.Ed.2d 478, 92 S.Ct. 1289]; *People* v. *Myers,* 6 Cal.3d 811, 818-819 [100 Cal.Rptr. 612, 494 P.2d 684]) does not persuade us that we should here reach the same result. True, in *People* v. *Superior Court, supra,* 11 Cal.3d at page 66, our Supreme Court observed that "[D]iversion may . . . be viewed as a specialized form of probation . . .", but the status, on the one hand, of one eligible for diversion and the status of both the probationer and the narcotic addict out-patient on the other differ essentially. The former has been merely accused of having committed a crime of which he is presumed innocent until convicted. Therefore, any condition imposed upon him incident to the diversion of his case cannot be justified on the basis that it either deters or prevents him from engaging in further criminal activity because it has never been established beyond a reasonable doubt that such has been his conduct in the past. True, there are certain narcotic addicts (and those in imminent danger of becoming such) on out-patient status who have been committed involuntarily to the addiction treatment program pursuant to Welfare and Institutions Code section 3100 et seq. (as opposed to those committed under Welf. & Inst. Code, § 3050 et seq.) who have no prior involvement with any criminal activity whatsoever. These persons, nevertheless, are expressly required by Welfare and Institutions Code section 3152, to subject themselves to "periodic and surprise testing for narcotic use." The occasion for this requirement, though, is not the past criminal activities of these people, but instead their past intensive use of drugs and the consequent greater likelihood of a resumption of use. (See *In re Marks,* 71 Cal.2d 31, 38-40 [77 Cal.Rptr. 1, 453 P.2d 441].) In other words, the infringement of constitutional rights there authorized is based upon the justification that otherwise the rehabilitative purpose of the narcotic addiction treatment program might be completely frustrated. (See *People* v. *Myers, supra,* 6 Cal.3d at p. 819.)

Undoubtedly the fundamental purpose of the diversion program is likewise rehabilitation. But no such compelling necessity exists in this situation to justify the infringement of the fundamental constitutional right to be free from unreasonable searches and seizures. The person eligible for diversion is not one "deeply involved with drugs," but rather "the experimental or tentative user." (See *People* v. *Superior Court, supra,* 11 Cal.3d at p. 61.) Furthermore, unlike the narcotic addict and the near addict and the probationer as well (see Pen. Code, § 1203.1), the imposition of the condition at issue is neither expressly nor impliedly

authorized by statute. Accordingly, this lack of statutory authorization and the lack as well of a compelling necessity therefor placed the imposition of this condition of an express waiver of a constitutional right beyond the court's powers in a proceeding that is wholly and exclusively statutory.

The order under appeal is reversed with the direction that the superior court enter a judgment granting petitioner a writ of mandate directing that further proceedings with respect to the criminal prosecution entitled the People of the State of California v. Robert Allen Frederick, No. M 3850 in respondent court, and the possible diversion of such prosecution be conducted in accordance with the views expressed in this opinion.

Allport, Acting P. J., and Potter, J., concurred.