[Civ. No. 6721. Fifth Dist. Oct. 2, 1981.]

CONNIE McINTOSH et al., Petitioners, v.
THE MUNICIPAL COURT FOR THE SAN LUIS OBISPO
COUNTY MUNICIPAL COURT DISTRICT OF SAN LUIS
OBISPO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

[Crim. No. 5846. Fifth Dist. Oct. 2, 1981.]

In re JEFFERY STEIN et al., on Habeas Corpus.

**COUNSEL**

Andrew Thomas Sinclair and Kathleen V. Fisher for Petitioners.

No appearance for Respondent Court.

Christopher G. Money, District Attorney, and Daniel A. Hilford, Deputy District Attorney, for Real Party in Interest and Respondent.

OPINION

THE COURT.*— ■ Respondent municipal court (hereinafter respondent court) offered to release petitioners[1] upon their own recognizance upon condition that petitioners sign a written statement agreeing not to trespass, blockade or fail to disperse at the Diablo Canyon nuclear plant. Some petitioners accepted the condition and were released, some chose to remain in custody rather than sign the agreement, and some pleaded nolo contendere to obtain release from custody without signing the agreement.

Petitioners contend in substance that respondent court abused its discretion by imposing the above stated condition upon their release. We agree. (See *Hurtado* v. *Superior Court* (1974) 11 Cal.3d 574, 579 [114 Cal.Rptr. 106, 522 P.2d 666].)

In *Van Atta* v. *Scott* (1980) 27 Cal.3d 424, 438 [166 Cal.Rptr. 149, 613 P.2d 210], our Supreme Court held, "The *sole issue* at the OR hearing is whether the detainee will appear for subsequent court proceedings if released OR." (Italics added.) The court also specifically held that preventive detention is not a proper consideration at a pretrial OR hearing. (*Id.*, at p. 445.) Although the court recognized that the trial judge retains discretion in granting an OR release (*Id.*, at p. 452), the express holdings stated above mean that respondent court's discretion to impose conditions upon an OR release is limited to conditions which are reasonably related to and attempt to insure subsequent court appearances.

The condition at bench that petitioners promise not to trespass etc. is not reasonably related to and does not attempt to insure petitioners' subsequent appearances in court.

*People* v. *Sylvestry* (1980) 112 Cal.App.3d Supp. 1 [169 Cal.Rptr. 575], a superior court appellate department decision, is not in point. There the condition of OR release was that the defendant enter a custo-

---

*Before Franson, Acting P. J., Hanson (P. D.), J., and Pettitt, J.†

[1]As used herein, the term "petitioners" refers only to the people who have been accused of crimes; it does not include the attorneys who have purported to appear herein as petitioners.

---

†Assigned by the Chairperson of the Judicial Council.

dial drug treatment program. Such a condition is reasonably related to future court appearances by a defendant who uses drugs.

A peremptory writ of mandate is proper and should issue. (Code Civ. Proc., § 1088; see *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165]; *Bolles* v. *Superior Court* (1971) 15 Cal. App.3d 962, 963 [93 Cal.Rptr. 719].)

Let a peremptory writ of mandate issue directing the San Luis Obispo County Municipal Court to strike the agreements of petitioners herein not to trespass, blockade or fail to disperse at the Diablo Canyon PG&E plant obtained as a condition of petitioners' release upon their own recognizance. Said court is further directed to grant, upon the request of the petitioners herein who have not pleaded guilty or nolo contendere, a new hearing upon their eligibility for release upon their own recognizance wherein said petitioners' refusal to execute an agreement not to trespass, blockade or fail to disperse shall not be considered in any manner; said court is further directed not to require execution of such an agreement as a condition of releasing such petitioners upon their own recognizance.

Insofar as it seeks relief not granted above, the petition for writ of prohibition, mandate, review and habeas corpus is denied without prejudice to a motion before respondent municipal court to set aside petitioners' nolo contendere pleas.

**PETTITT, J.,*** Dissenting.—I would deny the writ. The bare majority in the arguably collusive *Van Atta* action came up with a strange product which relied heavily on an article written by a defendant in that case who ostensibly opposed the majority position. No wonder justiciability was an issue. We are not confronted here with abstract social issues, but rather with real defendants who, when extended the privilege of OR release, refuse to accept a condition that they not violate the same laws they are charged with violating. The issue here is whether in granting discretionary OR release a judge can attach reasonable conditions to the privilege. The *Van Atta* case did not in any way deal with the situation before us. It is not authority here.

Neither incarceration versus freedom, future appearance, predictive considerations, due process nor burden of proof are involved in this peti-

---

*Assigned by the Chairperson of the Judicial Council.

tion, whereas they bottomed the *Van Atta* decision. Likewise, freedom of speech and equal protection are not really involved and are no more than issues raised through a cloud of tortured logic.

I would adopt the reasoning of *People* v. *Sylvestry* (1980) 112 Cal. App.3d Supp. 1 [169 Cal.Rptr. 575] as set out on page 7 of that opinion.