Opinion
 

 PERLEY, J.
 

 Defendant and appellant Raekubian Alexander Barrow (appellant) was charged with robbery (Pen. Code, § 211). The information also alleged that appellant had one serious prior felony conviction within the meaning of Penal Code section 667 and one prison prior felony conviction within the meaning of Penal Code section 667.5, subdivision (b). A jury found him guilty of second degree robbery and the trial court found that he had two priors as alleged. Appellant was sentenced to state prison for five years for the robbery plus five years for the serious prior.
 

 Appellant does not challenge his conviction of robbery. On appeal he only challenges the five-year enhancement. Thus, he contends: “Because Proposition 8 was rendered inoperative by the passage of Proposition 4 in the same election, appellant’s five-year enhancement under Penal Code section 667 cannot stand.” This contention lacks merit.
 

 In the June 1982 election the voters passed Proposition 4, which amended California Constitution, article I, section 12, regarding bail. They also passed Proposition 8, the victim’s bill of rights, which amended the criminal law in a variety of ways, including the enactment of Penal Code section 667 and changes in the law governing bail. Proposition 4 received a greater number of votes than Proposition 8.
 
 (Brosnahan
 
 v.
 
 Brown
 
 (1982) 32 Cal.3d 236, 254-255 [186 Cal.Rptr. 30, 651 P.2d 274].)
 

 
 *461
 
 Appellant relies on the recent case of
 
 Taxpayers to Limit Campaign Spending
 
 v.
 
 Fair Pol. Practices Com.
 
 (1990) 51 Cal.3d 744, 771, footnote 12 [274 Cal.Rptr. 787, 799 P.2d 1220], wherein the Supreme Court held that “under [California Constitution, article II], section 10(b) an initiative is inoperative in its entirety if the voters adopt, by a higher vote, an alternative comprehensive regulatory scheme governing the same subject. Our construction of section 10(b) does not foreclose operation of an initiative measure that receives an affirmative vote simply because one or more minor provisions happen to conflict with those of another initiative principally addressed to other aspects of the same general subject. In the latter circumstance, if the principal purpose of the initiative can be accomplished notwithstanding the excision of the minor, incidental conflicting provisions, the remainder of the initiative can be given effect.”
 

 Even if
 
 Taxpayers
 
 were to be given retroactive application, a question which we do not decide, Proposition 8 survives the enactment of Proposition 4. Proposition 8 was a comprehensive regulatory scheme governing the rights of potential and actual crime victims. Proposition 4, on the other hand, only addressed the issue of bail, a single aspect of the same general subject.
 

 Because Proposition 4 received a greater number of votes, the bail provisions of Proposition 8 never went into effect.
 
 (Brosnahan
 
 v.
 
 Brown, supra,
 
 32 Cal.3d at p. 255;
 
 In re Nordin
 
 (1983) 143 Cal.App.3d 538, 540-541 [192 Cal.Rptr. 38]; 4 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Proceedings Before Trial, § 1997, pp. 2358-2359; cf.
 
 Williams
 
 v.
 
 County of San Joaquin
 
 (1990) 225 Cal.App.3d 1326, 1332, fn. 5 [275 Cal.Rptr. 302].) Nevertheless, the principal purposes of Proposition 8 can, and indeed have, been accomplished during the nine years since it was enacted. (See e.g., the sentence enhancement in the present case.)
 

 The judgment is affirmed.
 

 Anderson, P. J., and Reardon, J., concurred.
 

 Appellant’s petition for review by the Supreme Court was denied November 26, 1991.