[No. S032327. Apr. 27, 1995.]

In re DAVID ANTHONY YORK et al. on Habeas Corpus.

In re JOHNNY CADENAZ et al. on Habeas Corpus.

In re PAUL BLAISE ATKINS et al. on Habeas Corpus.

COUNSEL

Stuart R. Rappaport, Public Defender, and Stephen B. Elrick, Deputy Public Defender, for Petitioners.

Ann Brick, Grossman & Gibbs and Lawrence A. Gibbs as Amici Curiae on behalf of Petitioners.

George W. Kennedy, District Attorney, and Joseph V. Thibodeaux, Deputy District Attorney, for Respondents.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Ronald E. Niver and Clifford K. Thompson, Deputy Attorneys General, Thomas Sneddon, Jr., District Attorney (Santa Barbara) and Gerald McC. Franklin, Deputy District Attorney, as Amici Curiae on behalf of Respondents.

## OPINION

**GEORGE, J.**—We granted review in this case to determine whether, in making the decision to release an accused from custody on his or her own recognizance (OR) prior to judgment, a court or magistrate may condition such release upon the defendant's agreement to submit to random drug testing and warrantless search and seizure during that period. Petitioners maintain that the imposition of such conditions is not permitted by the statutory provision governing OR release, and, in any event, violates various constitutional guarantees.

For the reasons set forth below, we conclude that neither the statutory nor the constitutional provisions upon which petitioners rely prohibit a court, in

appropriate circumstances, from conditioning OR release upon a defendant's agreement to comply with these challenged terms.

## I.

The proceedings in this case were brought on behalf of 11 named individuals, each of whom had been charged with having committed one or more felonies involving controlled substances. Unable to post the bail prescribed for their offenses by the bail schedules, petitioners were given the choice of remaining in custody pending trial upon the charges, or obtaining OR release upon their agreement to comply with specified conditions, including those requiring that petitioners "[s]ubmit to drug [and, in some instances, alcohol] testing" and "[p]ermit search and seizure of his/her person, residence, and vehicle by any peace officer without a search warrant."[1] Several of the petitioners objected to these conditions when they initially were proposed, but the judge or magistrate refused to order OR release without them. In each case, the conditions were listed on a court-generated form entitled "RELEASE ON: SUPERVISED OWN RECOGNIZANCE," and an "X" had been placed on the form in the box to the left of various conditions. These conditions were imposed categorically upon petitioners, without individualized consideration of the facts alleged in each case, such as whether an individual petitioner had any prior drug-related convictions, had admitted drug use, or had received drug test results indicating drug use.

The record indicates that the magistrate who imposed the drug testing and search conditions upon all but two of the petitioners did so as a matter of course or as an established policy in cases involving the alleged commission of drug-related felonies.[2] The pretrial release officer assigned to the magistrate's court testified that the public defender routinely objected to these conditions being imposed upon petitioners (and upon other public defender clients), but that the magistrate overruled these objections without explanation for the imposition of these conditions, other than "take it or leave it."

---

[1] The OR release orders contained additional conditions, including a residence requirement that compelled petitioners to reside within the county, a requirement that petitioners not operate a motor vehicle without possessing a valid California driver's license and proof of insurance, and a prohibition upon the possession of weapons during the pendency of the case. Because petitioners do not challenge the imposition of these additional conditions, their validity is not at issue in this case.

[2] Because each petitioner in these proceedings was charged with having committed a felony, we need not and do not reach the question whether the OR release conditions imposed in these proceedings properly could be required of arrestees charged only with having committed a misdemeanor, such persons having a statutory right to OR release "unless the court makes a finding upon the record that an [OR] release will not reasonably assure the appearance of the defendant as required." (Pen Code., § 1270, subd. (a).)

After consolidating petitioners' cases, the Court of Appeal held that a court or magistrate may, in appropriate circumstances, condition a defendant's OR release upon a defendant's agreement to submit to random drug testing and warrantless search and seizure. In the view of the appellate court, such OR release conditions are permissible if, after considering the specific facts and circumstances of a defendant's case, the court or magistrate determines that these facts and circumstances reasonably justify their imposition. Because the court or magistrate in the present proceedings failed to make an individualized determination as to the reasonableness of the conditions imposed upon petitioners, based upon all the circumstances presented in each petitioner's case, the Court of Appeal issued writs of habeas corpus, vacating those portions of the supervised OR release orders that required submission to random drug testing and warrantless search and seizure, and allowing the prosecutor 30 days to request additional conditions of OR release for any such petitioner.

Petitioners sought review in this court, challenging that portion of the Court of Appeal's decision holding that, under certain circumstances, a court or magistrate may condition OR release upon a defendant's agreement to submit to random drug testing and warrantless search and seizure. Petitioners contend the imposition of such conditions upon OR release is contrary to the applicable California statute and violates several provisions of the federal and state Constitutions. We granted review to consider these issues.[3]

II.

Article I, section 12, of the California Constitution establishes a person's right to obtain release on bail from pretrial custody, identifies certain categories of crime in which such bail is unavailable, prohibits the imposition of excessive bail as to other crimes, sets forth the factors a court shall take into consideration in fixing the amount of the required bail, and recognizes that a person "may be released on his or her own recognizance in

---

[3]Because the People, represented by the Santa Clara County District Attorney's Office, did not seek review from, and do not now challenge, that portion of the Court of Appeal's decision holding that the imposition of random drug testing and warrantless search and seizure conditions upon OR releasees is permissible only when the court or magistrate has made an individualized determination that such conditions are warranted in light of the facts of the particular case, we need not and do not address the validity of the Court of Appeal's conclusion in this regard.

the court's discretion."[4] Penal Code section 1318 sets forth a variety of requirements that an OR release agreement must satisfy.[5]

---

[4]Article I, section 12, of the California Constitution provides:

"A person shall be released on bail by sufficient sureties, except for:

"(a) Capital crimes when the facts are evident or the presumption great;

"(b) Felony offenses involving acts of violence on another person when the facts are evident or the presumption great and the court finds based upon clear and convincing evidence that there is a substantial likelihood the person's release would result in great bodily harm to others; or

"(c) Felony offenses when the facts are evident or the presumption great and the court finds based on clear and convincing evidence that the person has threatened another with great bodily harm and that there is a substantial likelihood that the person would carry out the threat if released.

"Excessive bail may not be required. In fixing the amount of bail, the court shall take into consideration the seriousness of the offense charged, the previous criminal record of the defendant, and the probability of his or her appearing at the trial or hearing of the case.

"A person may be released on his or her own recognizance in the court's discretion."

The provisions set forth in article I, section 12, of the California Constitution were contained in Proposition 4, enacted by the voters at the June 1982 Primary Election. Proposition 4 received more votes than did Proposition 8, an omnibus initiative that, in the same election, added (among other provisions) article I, section 28, subdivision (e), to the California Constitution, providing in pertinent part: *"A person may be released on his or her own recognizance in the court's discretion, subject to the same factors considered in setting bail."* (Italics added.)

Because Proposition 4 received more votes than did Proposition 8, the bail and OR release provisions contained in Proposition 4 are deemed to prevail over those set forth in Proposition 8. (Cal. Const., art. II, § 10, subd. (b); *Brosnahan* v. *Brown* (1982) 32 Cal.3d 236, 255 [186 Cal.Rptr. 30, 651 P.2d 274]; *People* v. *Barrow* (1991) 233 Cal.App.3d 721, 723 [284 Cal.Rptr. 679]; 4 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Proceedings Before Trial, § 1997, pp. 2357-2359; see also *Yoshisato* v. *Superior Court* (1992) 2 Cal.4th 978, 987-988 [9 Cal.Rptr.2d 102, 831 P.2d 327]; *Taxpayers to Limit Campaign Spending* v. *Fair Pol. Practices Com.* (1990) 51 Cal.3d 744, 748-755 [274 Cal.Rptr. 787, 799 P.2d 1220]; *In re Nordin* (1983) 143 Cal.App.3d 538, 540-541 [192 Cal.Rptr. 38]; cf. *Williams* v. *County of San Joaquin* (1990) 225 Cal.App.3d 1326, 1332, fn. 5 [275 Cal.Rptr. 302].)

[5]Penal Code section 1318 provides:

"(a) The defendant shall not be released from custody under an own recognizance until the defendant files with the clerk of the court or other person authorized to accept bail a signed release agreement which includes:

"(1) The defendant's promise to appear at all times and places, as ordered by the court or magistrate and as ordered by any court in which, or any magistrate before whom the charge is subsequently pending.

"(2) *The defendant's promise to obey all reasonable conditions imposed by the court or magistrate.*

"(3) The defendant's promise not to depart this state without leave of the court.

"(4) Agreement by the defendant to waive extradition if the defendant fails to appear as required and is apprehended outside of the State of California.

"(5) The acknowledgment of the defendant that he or she has been informed of the consequences and penalties applicable to violation of the conditions of release." (Italics added.)

All further references are to the Penal Code unless otherwise specified.

Pursuant to the foregoing constitutional and statutory provisions, a defendant charged with a bailable offense who seeks pretrial release from custody typically has two options: post bail and obtain release, or seek the privilege of OR release. Under section 1318, a defendant who seeks OR release may obtain such release only if he or she (1) promises to appear at all further proceedings, (2) promises not to depart from the state without leave of the court, (3) agrees to waive extradition in the event he or she fails to appear as required and is apprehended outside the State of California, and (4) promises "to obey all reasonable conditions imposed by the court or magistrate."

Petitioners contend the Court of Appeal erred, in two distinct respects, in holding that random drug testing and warrantless search and seizure conditions satisfy the "reasonable conditions" element set forth in section 1318, subdivision (a)(2). First, petitioners contend that the statute's reference to "reasonable conditions" encompasses only those conditions reasonably related to *assuring a defendant's presence in court*, and that the random drug testing and warrantless search and seizure conditions are impermissible because they do not relate to such a purpose. Second, petitioners contend that, even if section 1318 authorizes the imposition of conditions unrelated to assuring a defendant's presence in court, the statute cannot properly be interpreted to authorize the conditions at issue in the present case, which require the waiver of constitutional rights. We address each of these contentions in turn.

A.

As noted, petitioners contend the random drug testing and warrantless search and seizure conditions imposed in this case fall outside the purview of the "reasonable conditions" element of section 1318, subdivision (a)(2), and therefore are invalid, because such restrictions are unrelated to assuring a defendant's appearance at subsequent court proceedings. In support of this contention, petitioners rely upon *People* v. *Barbarick* (1985) 168 Cal.App.3d 731, 736 [214 Cal.Rptr. 322], and *McIntosh* v. *Municipal Court* (1981) 124 Cal.App.3d 1083, 1085 [177 Cal.Rptr. 683], decisions that petitioners characterize as holding that OR release conditions must be reasonably related to securing a defendant's subsequent appearance in court. In response, the People contend that, to the extent the cited decisions stand for the broad proposition urged by petitioners, such holdings were abrogated in 1988 when the Legislature amended section 1318 to include the provision that OR release shall not be granted unless a defendant executes a signed release agreement that includes "[t]he defendant's promise to obey *all reasonable conditions* imposed by the court or magistrate." (§ 1318, subd. (a)(2), italics added.) Petitioners, in reply, contend that, notwithstanding its

unqualified reference to "all reasonable conditions," the statute properly should be interpreted to permit only those conditions reasonably related to assuring a defendant's appearance at future court hearings.

In interpreting statutory language, we apply well-settled rules, commencing with an examination of the language of the statute itself. (*Mercer v. Department of Motor Vehicles* (1991) 53 Cal.3d 753, 763 [280 Cal.Rptr. 745, 809 P.2d 404].) If the statute's meaning is without ambiguity, doubt, or uncertainty, the statutory language controls. (*Security Pacific National Bank v. Wozab* (1990) 51 Cal.3d 991, 998 [275 Cal.Rptr. 201, 800 P.2d 557].) But if the meaning of the statute's wording is unclear, we refer to its legislative history. (*Long Beach Police Officers Assn. v. City of Long Beach* (1988) 46 Cal.3d 736, 743 [250 Cal.Rptr. 869, 759 P.2d 504].)

As noted above, section 1318 authorizes the release of a defendant on his or her own recognizance, pursuant to the following procedure: "(a) The defendant shall not be released from custody . . . until the defendant files with the clerk . . . a signed release agreement which includes: [¶] (1) The defendant's promise to appear . . . . [¶] (2) The defendant's promise to obey all *reasonable conditions* imposed by the court or magistrate . . . ." (Italics added.) Because section 1318 does not define what are "reasonable conditions," or otherwise indicate what, if any, limitations should be applied to that term, we turn to the statute's legislative history.

As originally enacted in 1979, section 1318 provided for OR release simply upon a written promise to appear, to not leave the state, and to waive extradition, along with the defendant's acknowledgment that he or she was informed of the consequences and penalties for violation of these conditions.[6] In interpreting the original version of section 1318, the appellate courts held that, "[i]n setting the amount of bail or other conditions of release, the primary issue, before or after conviction, is whether the detainee

---

[6]As enacted in 1979, former section 1318 provided:

"(a) The defendant shall not be released from custody under an own recognizance or pursuant to Section 1269d until the defendant files with the clerk of the court or other person authorized to accept bail a signed release agreement which includes:

"(1) The defendant's promise to appear at all times and places, as ordered by the court, magistrate or other person authorized by paragraph (3) of subdivision (a) of Section 1269d to release the defendant and as ordered by any court in which, or any magistrate before whom the charge is subsequently pending.

"(2) The defendant's promise not to depart this state without leave of the court.

"(3) Agreement by the defendant to waive extradition if the defendant fails to appear as required and is apprehended outside of the State of California.

"(4) The acknowledgment of the defendant that he or she has been informed of the consequences and penalties applicable to violation of the conditions of release." (Stats. 1979, ch. 873, § 12, p. 3043.)

will appear for subsequent court proceedings. [Citations.] . . . . Indeed, whether the defendant will subsequently appear is the sole issue at preconviction OR release hearings. [Citation.] Accordingly, the '. . . court's discretion to impose conditions upon [a preconviction] OR release is limited to conditions which are reasonably related to and attempt to insure subsequent court appearances.' (*McIntosh* v. *Municipal Court* (1981) 124 Cal.App.3d 1083, 1085 [177 Cal.Rptr. 683].)" (*People* v. *Barbarick, supra,* 168 Cal.App.3d at p. 735; see also *Van Atta* v. *Scott* (1980) 27 Cal.3d 424, 438 [166 Cal.Rptr. 149, 613 P.2d 210].[7]) *Barbarick* held that, although "another factor the court may consider in deciding whether to release *a convicted felon* on bail is the danger to the community" (168 Cal.App.3d at p. 736, italics added), a condition that a defendant submit to search for narcotics, dangerous drugs, or marijuana, in the case of an OR release pending appeal from a *misdemeanor drug conviction,* was not "reasonably related to securing defendant's later appearance." (*Ibid.,* italics omitted.)

In March 1988 (three years after *People* v. *Barbarick, supra,* 168 Cal.App.3d 731, was decided), the Attorney General sponsored and supported Assembly Bill No. 4282, which added paragraph (2) to section 1318, subdivision (a), granting the court or magistrate authority to require that, as a condition of OR release, the defendant promise to obey all reasonable conditions. (Stats. 1988, ch. 403, § 4, p. 1757.) The parties focus their arguments upon this amendment to section 1318, subdivision (a). They do not dispute the Court of Appeal's conclusion that the amendment is ambiguous as to whether it authorizes conditions such as those challenged by petitioners, nor do they contest the appellate court's efforts to go behind the statutory language and explore its legislative history in an effort to determine the Legislature's intent. Because we agree with the parties (and with the Court of Appeal) that it is unclear from the language employed in the statute whether section 1318, subdivision (a)(2), was intended simply to assure the

---

[7]In *Van Atta* v. *Scott, supra,* 27 Cal.3d 424, 438, we stated that "[t]he sole issue at the OR hearing is whether the detainee will appear for subsequent court proceedings if released," and cited, in support of that proposition, our earlier decision in *In re Underwood* (1973) 9 Cal.3d 345, 348 [107 Cal.Rptr. 401, 508 P.2d 721]. The *Underwood* decision, however, was based upon language contained in *former* article I, section 12, of the California Constitution, the bail provision that thereafter was superseded in 1982 by the passage of Proposition 4 (see *ante,* at p. 1140, fn. 4). Accordingly, insofar as the quoted statement in *Van Atta* may be understood to reflect a state constitutional limitation upon the considerations that a court or magistrate properly may take into account in determining whether to grant a defendant's request for OR release, it is clear that *Van Atta* no longer accurately embodies the state constitutional principles that govern release on bail or OR. Nothing contained in the current language of article I, section 12—which provides, in relevant part, that "[a] person may be released on his or her own recognizance in the court's discretion"—properly may be interpreted to limit a court or magistrate to imposing *only* those OR release conditions that are aimed at ensuring a defendant's appearance at future court proceedings.

future appearance of the accused, or additionally was intended to promote the integrity of the court proceedings or protect the safety of the community by encompassing waivers of Fourth Amendment rights in any or all cases, we, too, have reviewed the pertinent legislative history in an effort to discover any indications of legislative intent. (*Long Beach Police Officers Assn.* v. *City of Long Beach, supra,* 46 Cal.3d at p. 743; *Sand* v. *Superior Court* (1983) 34 Cal.3d 567, 570 [194 Cal.Rptr. 480, 668 P.2d 787].)

Viewed and analyzed in the light of basic rules relating to the interpretation of statutes, we find that, although nothing in the legislative history specifically addresses the question whether the Legislature intended to permit OR releases to be conditioned upon a waiver of Fourth Amendment rights, it is clear the Legislature intended to codify the authority of a court or magistrate, in imposing OR conditions, to weigh considerations relating to the public safety that extend beyond those intended to ensure subsequent court appearances.

In sponsoring Assembly Bill No. 4282, the Attorney General in a letter informed the bill's author that the proposed legislation "codifie[d] the court's authority to place reasonable conditions on a criminal defendant who is released upon his or her own recognizance. . . ." The Attorney General explained the need for the "reasonable conditions" portion of the bill and its potential impact: "Existing statutes . . . do not address the court's ability to impose conditions upon such release. As a result, although the judiciary has routinely imposed limitations on the defendant's behavior as a condition of own-recognizance release, these conditions vary greatly from case-to-case. Probably the most common condition is the proviso that the defendant refrain from criminal conduct while on release. In domestic violence and child molest cases it is common for the court to impose conditions to protect the victim. And when witness intimidation is a potential issue, the courts usually fashion conditions designed to protect the witness and the integrity of the judicial process. [¶] Despite this necessary, common[,] and long-standing practice, the only conditions expressly authorized by *statute* for own-recognizance release are those relating to the defendant's appearance . . . . (§ 1318.) [¶] AB 4282 will cure this deficiency by expressly providing that the court or magistrate may condition own-recognizance release on 'reasonable conditions.' In so doing, this bill will not only provide legislative authority and guidance for the courts, but will protect defendants from capricious release conditions." Identical letters were sent to the chairs of the Assembly Committee on Public Safety, the Senate Committee on Judiciary, and the Appropriations Committee, as well as to the Governor. *The analysis set forth in this letter was adopted virtually verbatim in the analyses of Assembly Bill No. 4282 prepared by the Assembly Committee on Public Safety and the Senate Committee on Judiciary.*

Although the random drug testing and warrantless search and seizure conditions before us cannot be said to relate directly to the likelihood that a defendant will comply with his or her duty to attend subsequent court hearings, the conditions clearly relate to the prevention and detection of further crime and thus to the safety of the public. In this regard, the purpose of such conditions—to further public safety by seeking to prevent the commission of offenses similar to the charged offense—is identical to the purpose underlying the well-stablished examples (victim protection and prevention against witness intimidation) cited by the Attorney General in sponsoring Assembly Bill No. 4282. By enacting that bill, it therefore is clear the Legislature contemplated the authorization of conditions *unrelated* to ensuring an accused's future appearance in court, and intended to allow the court or magistrate broad discretion to impose reasonable conditions of OR release, including those related to the furtherance of public safety.[8]

Thus, contrary to petitioners' contention that the Legislature's amendment of section 1318 in 1988 properly should be interpreted as a codification of earlier Court of Appeal decisions suggesting that OR release conditions had to be related to assuring the defendant's appearance in court, we believe the legislative history of the 1988 amendment demonstrates that it was intended to make clear that a court or magistrate has the authority, in granting OR release, to require a defendant to promise to comply with *all* "reasonable conditions"—and not simply with those intended to assure the defendant's appearance at future court proceedings. Accordingly, we reject petitioners' contention that OR conditions requiring a defendant to agree to random drug testing or warrantless search or seizure are not "reasonable conditions" within the meaning of section 1318 simply because they do not relate to assuring the defendant's appearance in court.

---

[8]We reject petitioners' argument that, because the Legislature, in enacting three other statutes (§ 1203.1ab; Welf. & Inst. Code, § 729.9; and Health & Saf. Code, § 11551), expressly authorized drug testing as a condition of *probation* or *parole*, the Legislature would have included a similarly explicit provision for drug testing as a condition of OR release had it intended to permit such a condition. In our view, the substantially broader provision added by the Legislature to section 1318—authorizing the imposition of "all reasonable conditions" upon a defendant granted OR release—provides sufficient statutory authority for conditions such as those challenged by petitioners.

We also reject petitioners' speculative argument that, because Congress codified an array of specific release conditions in 18 United States Code section 3142, the federal scheme "no doubt was known to the California Legislature when it amended [section] 1318," and that the Legislature's failure to include similarly specific release conditions therefore "was a conscious decision." Petitioners' assertion is unsupported by the legislative history of section 1318, subdivision (a)(2), and fails to address the critical question whether that statute, which specifically authorizes the imposition of "all reasonable conditions," should be interpreted as authorizing the conditions imposed upon petitioners in these proceedings.

## B.

Petitioners next contend that, even if section 1318, subdivision (a)(2), authorizes a court or magistrate to impose OR release conditions other than those related to assuring a defendant's appearance in court, the statute should not be interpreted to permit the imposition of conditions, such as random drug testing and warrantless search and seizure requirements, that involve a waiver of a defendant's constitutional rights. In support of their contention, petitioners cite *Frederick* v. *Justice Court* (1975) 47 Cal.App.3d 687 [121 Cal.Rptr. 118], a decision in which the Court of Appeal reversed a judgment of the trial court that conditioned *diversion* of the defendant's case from the criminal process upon a waiver of his right to be free from unreasonable searches and seizures. The court in *Frederick* concluded that the "lack of statutory authorization and the lack as well of a compelling necessity therefor placed the imposition of this condition of an express waiver of a constitutional right beyond the court's powers in a proceeding that is wholly and exclusively statutory." (*Id.* at p. 692; see also *Parra* v. *Municipal Court* (1978) 83 Cal.App.3d 690, 694 [148 Cal.Rptr. 203] [court could not require "an informal admission of guilt" as a condition of diversion]. Relying upon *Frederick* and *Parra*, petitioners argue that the imposition of release conditions that infringe upon constitutional rights is impermissible, except where the relevant statute expressly authorizes the waiver of constitutional rights and where the condition is justified by a compelling necessity.

Petitioners' reliance upon *Frederick* and *Parra* is misplaced. The diversion statutes (§ 1000 et seq.) construed by the Court of Appeal in those decisions did not include any provision authorizing a trial court to impose additional conditions upon a defendant eligible for diversion. Section 1318, subdivision (a)(2), by contrast, specifically authorizes the imposition of "all reasonable conditions" in connection with an OR release. Nothing contained within the legislative history underlying the enactment of section 1318, subdivision (a)(2), suggests the Legislature intended to preclude a court or magistrate from imposing a condition, "reasonable" under the situation presented, because of the circumstance that the condition implicates a defendant's constitutional rights. To the contrary, certain conditions cited in the committee reports that analyzed Assembly Bill No. 4282—e.g., directing a defendant to refrain from having any contact with the alleged victim—involve placing restrictions upon a defendant's constitutionally based liberty interest. Nor does the statute's legislative history support petitioners' argument that a "compelling necessity" must justify the imposition of OR release conditions.

Accordingly, we reject petitioners' contention and conclude that section 1318, subdivision (a)(2), authorizes the imposition of conditions that may

implicate a defendant's constitutional rights, provided that imposition of such conditions is reasonable under the circumstances.[9]

## III.

Petitioners further contend that, even if random drug testing and warrantless search and seizure conditions are not necessarily barred by the applicable statute, the conditions nevertheless are constitutionally infirm, in view of their impact upon (1) the presumption of innocence to which petitioners are entitled, (2) petitioners' right of privacy, and (3) petitioners' right to equal protection of the laws. For the reasons set forth below, we reject each of these constitutional arguments.

## A.

■ Petitioners initially contend that, because they only have been charged with—and not yet convicted of—the crimes for which they were arrested, conditioning their OR release upon their agreement to submit to random drug testing and warrantless search and seizure violates the presumption of innocence to which they are entitled. Petitioners argue that, because of their status as "OR releasees," whose cases have yet to be tried, they are fundamentally different from, and entitled to greater protection than, probationers and parolees, who have been tried and convicted, and upon whom similar conditions of release have been upheld by the courts.

The United States Supreme Court rejected a claim similar to that made by petitioners in *Bell* v. *Wolfish* (1979) 441 U.S. 520 [60 L.Ed.2d 447, 99 S.Ct. 1861]. *Bell* involved a class action, brought on behalf of pretrial detainees and sentenced prisoners confined within New York's Metropolitan Corrections Center (MCC), that challenged various conditions and practices at MCC, including the practice of accommodating increases in the inmate population by replacing single bunks with double bunks in MCC's individual rooms and dormitories. The members of the class who were pretrial detainees alleged that the practice of "double-bunking" deprived them of their liberty without due process of law and therefore was unlawful. The lower courts agreed with this contention, relying upon the " 'presumption of innocence' as the source of the detainee's substantive right to be free from

---

[9]Petitioners overlook the circumstance that, if we interpreted section 1318, subdivision (a)(2), to *preclude* a court or magistrate from conditioning OR release upon a defendant's promise to fulfill requirements unrelated to ensuring his or her appearance at future court proceedings, or upon the waiver of a constitutional right, a court or magistrate in many instances would be *less* likely to grant the request for OR release, concluding that the defendant was an inappropriate candidate for release prior to judgment in the absence of specified, reasonable conditions.

conditions of confinement that are not justified by compelling necessity." (*Id.* at p. 532 [60 L.Ed.2d at p. 464].)

In rejecting the detainees' argument that this presumption affected the validity of the conditions of their pretrial detention, the United States Supreme Court held in *Bell*: "The presumption of innocence is a doctrine that allocates the burden of proof in criminal trials; it also may serve as an admonishment to the jury to judge an accused's guilt or innocence solely on the evidence adduced at trial and not on the basis of suspicions that may arise from the fact of his arrest, indictment, or custody, or from other matters not introduced as proof at trial. [Citations.] It is 'an inaccurate, shorthand description of the right of the accused to "remain inactive and secure, until the prosecution has taken up its burden and produced evidence and effected persuasion. . . ." an "assumption" that is indulged in the absence of contrary evidence.' [Citation.] Without question, the presumption of innocence plays an important role in our criminal justice system. 'The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law.' [Citation.] *But it has no application to a determination of the rights of a pretrial detainee during confinement before his trial has even begun.*" (441 U.S. at p. 533 [60 L.Ed.2d at pp. 464-465], italics added.)

The rule set forth in *Bell* v. *Wolfish, supra,* 441 U.S. 520, 533 [60 L.Ed.2d 447, 464-465], mirrors established California law. (See *Ex parte Duncan* (1879) 53 Cal. 410, 411 [no presumption of innocence attaches to a pretrial determination of the amount of bail to be set]; see also *Blunt* v. *United States* (D.C.App. 1974) 322 A.2d 579, 584 ["The presumption of innocence . . . has never been applied to situations other than the trial itself. To apply it to the pretrial bond situation would make any detention for inability to meet conditions of release unconstitutional."].) Clearly, whether a pretrial detainee is given OR release with—or without—conditions has no bearing upon the presumption of innocence to which that person is entitled *at trial.* We therefore reject petitioners' contention that the OR release conditions challenged in the present case infringe upon the presumption of innocence to which petitioners are entitled.

### B.

 Petitioners next contend the imposition of warrantless drug testing and search and seizure conditions upon OR releasees violates their right to be free from unreasonable searches and seizures, guaranteed by the Fourth Amendment to the United States Constitution and by article I, section 13, of

the California Constitution, and their rights to privacy and due process of law, guaranteed by article I, sections 1 and 15, respectively, of the California Constitution. The People contend in response that, similar to probationers and parolees, OR releasees have a diminished liberty interest, and that therefore imposition of random drug testing and warrantless search and seizure conditions does not violate constitutional guarantees.

■ The United States and California Constitutions proscribe only *unreasonable* searches and seizures. "In determining the standard of reasonableness applicable to a particular type of 'search' or 'seizure,' a court must balance 'the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion.' [Citations.]" (*Berry* v. *District of Columbia* (D.C. Cir. 1987) 833 F.2d 1031, 1034-1035 [266 App.D.C. 127]; *Hill* v. *National Collegiate Athletic Assn.* (1994) 7 Cal.4th 1, 29 [26 Cal.Rptr.2d 834, 865 P.2d 633].) We also observe that, "[i]n the search and seizure context, the article I, section 1 'privacy' clause [of the California Constitution] has never been held to establish a broader protection than that provided by the Fourth Amendment of the United States Constitution or article I, section 13 of the California Constitution." (*People* v. *Crowson* (1983) 33 Cal.3d 623, 629 [190 Cal.Rptr. 165, 660 P.2d 389].) ■ Our analysis as to whether OR releasees have a constitutionally protected right to be free from the challenged conditions therefore is guided by federal constitutional principles. For the reasons set forth below, we conclude that the imposition of such conditions does not violate Fourth Amendment protections.

First, petitioners' contention that the OR release conditions challenged in the present case inevitably violate the Fourth Amendment rights of OR releasees rests upon the flawed premise that a defendant who seeks OR release has the same reasonable expectation of privacy as that enjoyed by persons not charged with any crime, and by defendants who have posted reasonable bail. Unlike persons in these latter categories, however, a defendant who is unable to post reasonable bail has no constitutional right to be free from confinement prior to trial and therefore lacks the reasonable expectation of privacy possessed by a person unfettered by such confinement. Because an incarcerated individual generally is subject to random drug testing and warrantless search and seizure in the interest of prison security, the conditions challenged in the present case do not place greater restrictions upon an OR releasee's privacy rights than the releasee would have experienced had he or she not secured OR release. Viewed from this perspective, the challenged conditions do not require an OR releasee to "waive" Fourth Amendment rights that he or she would have retained had OR release been denied. Instead, the conditions simply define the degree of liberty that the

court or magistrate, in his or her discretion, has determined is appropriate to grant to the OR releasee.

Second, petitioners' contention that random drug testing and warrantless search and seizure conditions invariably violate Fourth Amendment protections ignores the circumstance that a pretrial detainee is not required to agree to such restrictions, but rather is subject to them only if he or she consents to their imposition, in exchange for obtaining OR release. Petitioners contend that an OR releasee's consent to these conditions does not represent a true and "voluntary" consent, because the consequence of refusing to give such consent is continued incarceration. When similar conditions are imposed upon a probationer, however, it is established that the individual "consents to the waiver of his Fourth Amendment rights in exchange for the opportunity to avoid service of a state prison term. Probation is not a right, but a privilege." (*People* v. *Bravo* (1987) 43 Cal.3d 600, 608 [238 Cal.Rptr. 282, 738 P.2d 336].) Similarly, when one who otherwise would be incarcerated prior to judgment is offered the opportunity to obtain OR release, he or she is not entitled to unconditional, bail-free release, but may obtain OR release only in the discretion of the court or magistrate, and only upon those reasonable conditions attached to the release. Although it may be true that a defendant who is faced with the choice of agreeing to the challenged conditions or remaining incarcerated has a considerable incentive to agree to the conditions, that circumstance, alone, does not render the consent coerced or involuntary. Just as a probationer may be required to consent to supervisory restrictions that could not be imposed upon the general public—" 'as a condition precedent to receiving the court's leniency' " (*Bravo, supra,* 43 Cal.3d at p. 610)—an individual who is unable to post bail and seeks OR release similarly may be required to consent to this type of restriction in exchange for receiving the leniency of an OR release.

Such restrictions, of course, are not of an unlimited nature, and it is clear that, in the context of an OR release, Fourth Amendment considerations place constraints upon the circumstances under which random drug testing and warrantless search and seizure conditions may be imposed. As noted above, section 1318, subdivision (a)(2), explicitly authorizes the imposition only of "reasonable conditions," and the "reasonableness" of an OR release condition that implicates Fourth Amendment rights depends upon both the intrusiveness of the state conduct authorized by the condition and the strength of the state's interest in imposing such a restriction in the particular circumstances. Numerous courts have weighed these competing considerations in evaluating the propriety of similar conditions in the context of probation. (See, e.g., *People* v. *Mason* (1971) 5 Cal.3d 759, 764 & fn. 2 [97 Cal.Rptr. 302, 488 P.2d 630], disapproved on other grounds in *People* v.

*Lent* (1975) 15 Cal.3d 481, 486, fn. 1 [124 Cal.Rptr. 905, 541 P.2d 545] [upholding the validity of a probation condition that required a narcotics offender to submit to search as a condition of his probation, observing that the condition was "reasonably related to the probationer's prior criminal conduct and [was] aimed at deterring or discovering subsequent criminal offenses," and noting that "[t]he high recidivism rate for narcotics offenders makes the [search] condition particularly appropriate in narcotics cases"]; *People* v. *Bauer* (1989) 211 Cal.App.3d 937, 942 [260 Cal.Rptr. 62]; *People* v. *Keller* (1978) 76 Cal.App.3d 827, 831 [143 Cal.Rptr. 184], disapproved on other grounds in *People* v. *Welch* (1993) 5 Cal.4th 228, 237 [19 Cal.Rptr.2d 520, 851 P.2d 802]; see also *United States* v. *Oliver* (8th Cir. 1991) 931 F.2d 463, 465 [upholding drug testing as a valid condition of a drug-dependent defendant's postconviction supervised release following defendant's conviction of possession of stolen mail used to obtain checks to finance his addiction]; *United States* v. *Duff* (9th Cir. 1987) 831 F.2d 176 [upholding probation officer's authority to require probationer to submit to drug testing, where probation conditions required probationer to refrain from violating any law and to follow the instructions of his probation officer, but where neither the probation conditions nor the instructions explicitly authorized drug testing]; *United States* v. *Williams* (7th Cir. 1986) 787 F.2d 1182 [upholding sentencing court's broad discretion in fashioning conditions of probation, including drug testing, in view of defendant's status as a repeat offender and his lengthy criminal record].)

For the reasons discussed above, we reject petitioners' contention that the Fourth Amendment and the analogous provisions of the California Constitution preclude a court or magistrate from ever conditioning OR release upon the defendant's promise to comply with random drug testing or warrantless search and seizure conditions.[10]

## C.

■ Finally, petitioners contend that the OR conditions at issue in the present case are constitutionally infirm on equal protection grounds, arguing that "[t]here is no rational basis for allowing person[s] who can afford to post bail to be released without restrictive conditions, while those who

---

[10]In view of our holding that imposition of OR release conditions must be reasonable under the circumstances, nothing in this opinion should be construed as providing approval of random drug testing and warrantless search and seizure conditions in all cases wherein the defendant requests OR release. As is suggested by the probation cases cited above, the reasonableness of a condition necessarily depends upon the relationship of the condition to the crime or crimes with which the defendant is charged and to the defendant's background, including his or her prior criminal conduct. (Cf. Cal. Rules of Court, rule 414 [criteria affecting probation].)

cannot do so must give up their Fourth Amendment rights. . . ." ■ In addressing the merits of petitioners' argument, we observe that " '[t]he burden of establishing the unconstitutionality of a statute rests on him who assails it, and . . . courts may not declare a legislative discrimination invalid unless, viewed in the light of facts made known or generally assumed, it is of such a character as to preclude the assumption that the classification rests upon some rational basis within the knowledge and experience of the legislators. A statutory discrimination will not be set aside as the denial of equal protection of the laws if any state of facts reasonably may be conceived to justify it.' [Citation.]" (*Brown* v. *Superior Court* (1971) 5 Cal.3d 509, 520 [96 Cal.Rptr. 584, 487 P.2d 1224].) It is well settled that the equal protection clause of the Fourteenth Amendment "guarantees equal laws, not equal results." (*Personnel Administrator of Mass.* v. *Feeney* (1979) 442 U.S. 256, 273 [60 L.Ed.2d 870, 883-884, 99 S.Ct. 2282].)

■ With these principles in mind, we assume, without deciding, that petitioners are correct in asserting that warrantless drug testing and search and seizure conditions could not be imposed upon a defendant who is able to, and does, post reasonable bail, but we conclude that, in any event, such disparate treatment does not violate principles of equal protection. On its face, section 1318 is facially neutral—it does not create wealth-based distinctions or establish any classifications whatsoever. Pursuant to section 1318, a court or magistrate may impose reasonable conditions upon any defendant, wealthy or poor, who seeks OR release. Insofar as petitioners' contention rests upon the thesis that the statute creates an impermissible wealth-based classification, because persons who can afford to post the bail set for their offense will not need to seek OR release, petitioners' argument is in essence an argument that the bail process itself is unconstitutionally discriminatory, because that process is based upon a defendant's ability to post bail. We have rejected similar contentions raised in previous cases. (See, e.g., *In re Podesto* (1976) 15 Cal.3d 921, 931-933 [127 Cal.Rptr. 97, 544 P.2d 1297].)

Nor does the statute have a discriminatory purpose. As previously noted, the legislative history underlying the 1988 amendment to section 1318 suggests that the objective of the amendment authorizing imposition of reasonable OR conditions was to further public safety. Nothing contained in this history even remotely suggests a legislative attempt to discriminate against indigent defendants. To the contrary, in view of the inability of certain defendants to post bail, the Legislature clearly had a rational basis for concluding that public safety would be enhanced if such defendants, when afforded the leniency of a bail-free release, were required to comply with those reasonable conditions that a court or magistrate, in his or her discretion, believed to be necessary in order to deter further criminal conduct.

Accordingly, we conclude that petitioners have failed to establish that section 1318 violates the equal protection clause of either the United States Constitution or the California Constitution.

## IV.

Having determined that petitioners' challenges to the decision of the Court of Appeal are without merit, we affirm the judgment of that court.

Lucas, C. J., Mosk, J., Kennard, J., Arabian, J., Baxter, J., and Werdegar, J., concurred.