Filed 12/4/15  P. v. Nelson CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>GUY HERSHELL NELSON,<br><br>Defendant and Appellant. | B259730<br><br>(Los Angeles County<br>Super. Ct. No.GA091321) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Teri Schwartz, Judge.  Affirmed.

Roberta Simon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Susan Sullivan Pithey and Andrew S. Pruitt, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Defendant Guy Hershell Nelson pleaded no contest to felony charges of vandalism and petty theft. The trial court delayed sentencing and released defendant on his own recognizance (O.R.) to attend a drug rehabilitation treatment program. Defendant enrolled in one treatment program, but almost immediately left the program, and returned to it under the influence of methamphetamine. He left treatment two more times, and eventually was terminated from the program for failing to comply with its requirements. The trial court revoked defendant's O.R. release and sentenced defendant to prison.

Defendant argues that that trial court abused its discretion by not giving him an additional chance to complete treatment. We hold that the trial court did not abuse its discretion and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On the evening of October 23, 2013, Barbara Carrillo was sitting on the front porch of her house when she heard one terrified scream, and then a second, closer scream. She witnessed defendant running across the sidewalk, and when she got up to go inside the house, defendant began running toward her. Scared, Ms. Carrillo went inside and she and her two brothers closed and bolted the front door. Defendant broke through the front window, headfirst, shattering one pane of the window and cracking another pane. With the screen covering defendant as he pushed his way through the window headfirst, Ms. Carrillo testified, "[I]t looked like . . . my window was giving birth. . . . It was really terrifying." Defendant grabbed a mobile phone from the couch in the living room, and began frantically moving through the house, turning off the lights, saying, "Call the police, call the police. They're after me. They're going to get me." He appeared to be very scared. One of the brothers retrieved a handgun and pointed it at defendant, telling him to "freeze." Defendant then climbed onto the kitchen sink and exited the house by breaking headfirst through another window. The entire encounter lasted only a few minutes. The mobile phone defendant took from the couch was found the following day in a neighbor's yard.

The District Attorney charged defendant with felony vandalism under Penal Code section 594, subdivision (a)[1] (count 1) for damage to the windows, and felony petty theft by a registered sex offender (§666, subd. (b)) (count 2) for taking the mobile phone. The information also alleged that defendant previously had been convicted of two "strikes" under the Three Strikes Law (§§ 667, subd. (d) and 1170, subd. (b)) and had served one prior prison term under section 667.5.

On the day trial was scheduled to begin, defendant told the court he was interested in attending a drug treatment program. The trial court agreed that defendant was a good candidate for treatment: "[I]f he wanted to do the program, I would take a plea and give him no more than 32 months. But quite candidly, if he did the program and successfully completed the program, I don't think Mr. Nelson is necessarily deserving of actually going to state prison." The court added, "As long as he is getting treatment, I'm happy to continue the sentencing."

Defendant pleaded no contest to the charges, and admitted the prior strikes and prison term allegation. The trial court ordered defendant conditionally released to a treatment program, telling defendant, "[T]hat's going to be as a condition of your O.R. release." The court went on to say, "I want you to understand that you need to comply. You need to do what the program tells you to do. You can't leave the program for any reason. You have to participate in the program. And you can't use any drugs or alcohol." The court continued, "[I]f I find out that you have been kicked out and then you don't come to court, I'm going to have to issue a warrant for your arrest. And once I get you into court, you're just going to go to state prison." Defendant asked, "For how long?" The court replied, "32 months." Defendant answered, "Oh, okay."

Defendant was admitted to a residential treatment program on June 5, 2014. He left the facility on June 6, and returned the following day under the influence of methamphetamine. He was placed in a hospital for supervision, where he stayed until

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

June 11.  He again left treatment on June 13, and was discharged from the program on June 17.  The trial court noted that defendant had been discharged from the program, and issued a bench warrant on June 23.  However, the trial court recalled and quashed the bench warrant on June 30, after Defendant returned to treatment on June 25.  Defendant again left treatment on July 2.  On September 3, the trial court issued a bench warrant and defendant subsequently returned to court on September 22, 2014.

The trial court held a sentencing hearing on September 25.  The court noted that defendant "was not able to fulfill his obligation to do a program."  The court said it would impose the previously discussed sentence of 32 months, "because . . . it does not appear to me . . . that [defendant] can be supervised other than in state prison."  Defendant's counsel urged further leniency, saying, "[T]here were bed bugs at issue with the first program and he left.  And he immediately went to a second program, but then had issues with his funding there."  Counsel added that defendant "has some paranoia issues" and "is irrationally scared of the court," so he "did not make the decision to come in and speak to the court because he was afraid."  Counsel said defendant "would like the opportunity to find himself an appropriate program that he believes he can stay in for the year that the court would like."

The court rejected defendant's arguments and proceeded to sentencing.  The court dismissed one of defendant's prior strikes and the prison term prior pursuant to section 1385.  It sentenced defendant to a term of 32 months on count 2 (petty theft), calculated as the low term of 16 months, doubled pursuant to defendant's previous strike.  The court sentenced defendant concurrently on count 1 (vandalism) to the low term of 16 months, doubled pursuant to the strike.  The sentence on count 1 was ordered stayed pursuant to section 654.  The court awarded defendant 464 days of custody credit, calculated as 232 days of custody and 232 days of good time/work time credit.  The court also ordered defendant to pay various fines and fees, including restitution to the victims.

Defendant timely appealed.

**DISCUSSION**

Defendant argues that the trial court should have afforded him an additional opportunity to attend a drug treatment program. The parties agree that in general, a trial court has "broad discretion to impose reasonable conditions of OR release." (*In re York* (1995) 9 Cal.4th 1133, 1145.) The California Constitution, article 1, section 12, subdivision (c), provides in part: "A person may be released on his or her own recognizance in the court's discretion." A court acts within its discretion "unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377.)

Defendant argues that "[t]he issue is not whether the court abused its discretion in originally releasing [defendant] on O.R., or giving him certain conditions for O.R. [Defendant's] argument is that it cannot be said that the trial court reached an impartial decision in not following through with its earlier determination when [defendant] did not initially meet the court's condition." In short, defendant argues that he "should have been given another chance to succeed."

The trial court gave defendant ample opportunities to succeed. Defendant is a registered sex offender with two prior strike convictions. He pleaded no contest to two felonies that involved bizarre behavior and terrified innocent victims in their home. The trial court was not required by any authority to delay sentencing, but nonetheless offered defendant an opportunity to attend a treatment program instead of going to prison.

Defendant left treatment three different times. The second time, the court issued a bench warrant but recalled and quashed it when defendant returned to treatment, providing defendant with another chance to complete treatment despite his failure to comply with the requirements of his release. Defendant argues that he should have been given yet another opportunity to comply, but we see no error with the court's conclusion that defendant was unable to comply with the conditions of his O.R. release. "'The burden is on the party attacking the sentence to clearly show that the sentencing decision

5

was irrational or arbitrary.'" (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977-978.) Defendant has not met that burden here.

Defendant also argues that the trial court abused its discretion by sentencing defendant to prison rather than probation. He contends that the initial release was akin to probation: "[T]he court below presumably found this to be a case of unusual circumstances warranting a grant of probation, perhaps in implied consideration of the factors set forth in rule 4.413 of the California Rules of Court. That's why the court made the offer it did." According to defendant, "[T]he judge should have stuck with her earlier and entirely appropriate resolve" rather than sentencing defendant to prison.

This argument directly contradicts the record. The court held that defendant was not eligible for probation: "I am going to deny probation. Mr. Nelson, because of the strike offenses, does not appear to be eligible nor is he suitable for a grant of probation." (See § 1170.12, subd. (a)(2).) There is no support for defendant's argument that the court found probation to be appropriate, either before or after sentencing defendant to prison.

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.


We concur:


EPSTEIN, P. J.


WILLHITE, J.

6