[No. C048686. Third Dist. Feb. 27, 2006.]

In re T.P., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
T.P., Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of the Facts and part I of the Discussion.

## COUNSEL

Jackie Menaster, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, and Wanda Hill Rouzan, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**MORRISON, J.**—Following a contested jurisdictional hearing, the juvenile court found that T.P., a minor, had possessed cocaine (Health & Saf. Code, § 11350, subd. (a)). The minor was declared a ward of the court and was committed to the Sacramento County Boys Ranch. The commitment was stayed pending his compliance with probationary conditions. The court also imposed a $50 laboratory fee pursuant to Health and Safety Code section 11372.5.

On appeal, the minor contends (1) the lack of corroboration of accomplice testimony requires reversal of the wardship order, and (2) the laboratory fee is inapplicable in juvenile court proceedings. We disagree with the minor's first claim but agree with the second.

FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante,* page 1461.

## DISCUSSION

### I*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### II

■   The juvenile court imposed a $50 laboratory fee pursuant to Health and Safety Code section 11372.5. This section requires imposition of a $50 fee for any individual *convicted* of specified offenses, including possession of cocaine. Since juveniles are not *convicted* of criminal offenses (Welf. & Inst. Code, § 203 ["An order adjudging a minor to be a ward of the juvenile court shall not be deemed a conviction of a crime for any purpose"]), the minor does not, as the People agree, come within the scope of section 11372.5. Hence, the order imposing the fee must be reversed.

## DISPOSITION

The order of the juvenile court imposing a $50 fee pursuant to Health and Safety Code section 11372.5 is reversed. The order of the juvenile court committing the minor to the Sacramento County Boys Ranch is affirmed.

Sims, Acting P. J., and Nicholson, J., concurred.

On March 3, 2006, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied June 21, 2006, S142355. Werdegar, J., was of the opinion that the petition should be granted.

---

*See footnote, *ante*, page 1461.