[No. D055446. Fourth Dist., Div. One. Dec. 17, 2009.]

DERICK B., Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Steven J. Carroll, Public Defender, and Jo Pastore, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Bonnie M. Dumanis, District Attorney, and James E. Pitts, Deputy District Attorney, for Real Party in Interest.

OPINION

**HUFFMAN, Acting P. J.**—In this proceeding, we determine that the juvenile court does not have the authority to impose a Fourth Amendment waiver as a condition of informal supervision under Welfare and Institutions Code[1] sections 654 and 654.2. Accordingly, we grant Derick B.'s petition for a writ of prohibition to vacate the Fourth Amendment waiver imposed as a condition of his informal supervision under section 654.2.[2]

## FACTUAL AND PROCEDURAL BACKGROUND

On March 9, 2009, the People filed a section 602 petition alleging that on November 8, 2008, 17-year-old Derick had unlawfully driven a vehicle while under the influence of an alcoholic beverage and a drug and under their combined influence (Veh. Code, § 23152, subd. (a); count 1, a misdemeanor), had unlawfully driven a vehicle while having a blood-alcohol content of 0.08 percent or more (Veh. Code, § 23152, subd. (b); count 2, a misdemeanor), had driven a vehicle while being a person under the age of 21 who had a blood-alcohol content of 0.05 percent or more (Veh. Code, § 23140, subd. (a); count 3, an infraction), and had driven a vehicle while being a person under the age of 21 who knowingly possessed and carried an alcoholic beverage within the vehicle (Veh. Code, § 23224, subd. (a); count 4, a misdemeanor). After being arraigned, Derick denied all counts and the court set a hearing date to consider a motion to continue the proceedings under section 654 et seq.

On May 1, 2009, Derick filed his motion to continue the proceedings and place him on informal supervision under sections 654 and 654.2, which was opposed by the People. On May 14, 2009, the juvenile court granted the motion under section 654.2 to continue the proceedings for six months with Derick and his parent/guardian's consent, ordered Derick to comply with a program of supervision,[3] and set the matter for a later hearing on whether a Fourth Amendment waiver as a condition of informal supervision could also be imposed.

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise specified.

[2] Although we are aware this proceeding may become moot as to Derick before our opinion becomes final due to the shortened time limits concerning informal supervision under section 654.2, we address the matter because the issue he raises is important and is likely to recur and evade review. (See *People v. Hurtado* (2002) 28 Cal.4th 1179, 1186, 1190 [124 Cal.Rptr.2d 186, 52 P.3d 116].)

[3] The program of supervision included conditions that Derick obey all laws, attend school regularly, obey school rules, maintain satisfactory grades, observe a curfew, perform 40 hours of community service, complete a youthful drunk driving program, attend a Mothers Against Drunk Driving (MADD) victim impact panel and write a two-page essay on "Why I will never again drive under the influence." In addition, Derick's mother was ordered to randomly drug test Derick monthly.

On May 26, 2009, after considering opposing points and authorities on the issue and hearing oral argument, the juvenile court ruled it had the authority to impose a Fourth Amendment waiver condition for section 654.2 informal supervision in light of the allegations that both alcohol and marijuana were involved in this case. The judge specifically stated she was mindful that she did not have "unfettered discretion . . . in setting forth the terms of informal supervision under . . . section 654.2. However, under the circumstances for the reasons previously noted in this proceeding, as well as at the time that the request was granted, the court believes it is appropriate in the rehabilitation of Derick . . . through . . . section 654.2 to impose a Fourth Amendment waiver. However, because [section] 654.2 is a voluntary contract if he is not agreeable to that provision, then I will set aside the contract." When Derick's counsel responded that Derick did not want to set aside the contract, but objected to the Fourth Amendment waiver, the court overruled the objection and imposed the waiver as a condition of Derick's informal supervision under section 654.2.

On July 7, 2009, Derick filed a petition for writ of prohibition with this court to bar the juvenile court from imposing the Fourth Amendment waiver condition. After receiving an informal response to the petition, we issued an order to show cause why the relief Derick requests should not be granted, noting that absent objection, the informal response would be deemed the return to the petition, a reply could be filed by August 14, 2009, and the parties could request oral argument by August 20, 2009. No objection, reply or request for oral argument has been filed.

## DISCUSSION

Derick claims the juvenile court exceeded its jurisdiction by unlawfully imposing a Fourth Amendment waiver as a condition of his informal supervision under section 654.2. He specifically argues that the plain language and stated philosophy and purpose of sections 654 and 654.2, which essentially provide for a preplea diversion-type program to keep minors out of the juvenile justice system and avoid true findings of criminal culpability, when contrasted with other statutory provisions for juvenile offenders such as section 790 et seq., which provides for a postplea diversion program that mandates a Fourth Amendment waiver as a condition in every grant of deferred entry of judgment (§ 794), supports the conclusion that the Legislature did not intend the court to have authority to impose a Fourth Amendment waiver where the minor is placed on informal supervision under sections 654 and 654.2 without entering a plea. Derick analogizes his situation to the adult diversion program in Penal Code section 1000 et seq. and a line of authority

(*Frederick v. Justice Court* (1975) 47 Cal.App.3d 687 [121 Cal.Rptr. 118] (*Frederick*); *Terry v. Superior Court* (1999) 73 Cal.App.4th 661 [86 Cal.Rptr.2d 653] (*Terry*); *U.S. v. Scott* (9th Cir. 2006) 450 F.3d 863) that has overturned Fourth Amendment waivers because they were not mentioned as a condition the court could impose under that statutory program.

The People take issue with Derick's claim, asserting the imposition of a Fourth Amendment waiver falls within the juvenile court's broad discretion to impose reasonable conditions of probation on juveniles who are "more in need of guidance and supervision than adults" and "[whose] constitutional rights are more circumscribed." (*In re Antonio C.* (2000) 83 Cal.App.4th 1029, 1033 [100 Cal.Rptr.2d 218].) The People distinguish *Frederick, supra,* 47 Cal.App.3d 687, on grounds it involved an adult offender and a statute that imposed specific conditions as a requirement of diversion as compared to the statutory provisions here that do not impose a specific condition as a requirement for informal supervision, but only the delineation of "specific programs of supervision" to address the needs of the minor. The People argue that the Fourth Amendment waiver imposed in this case was proper because it was not overly intrusive, it was tailored to meet the needs of a minor who had been driving under the influence of alcohol and who had a pipe in the car, which smelled of marijuana, and it would deter the minor from carrying illegal items in the car and help him avoid peer pressure.

As we explain, even recognizing the broad discretion of the juvenile court to impose reasonable probationary conditions upon a minor who comes under its jurisdiction, we determine the court does not have the authority to impose a Fourth Amendment waiver as a condition of informal supervision under sections 654 and 654.2.

## A. *The Pertinent Statutory Framework*

The Legislature has mandated that minors who fall within the jurisdiction of the juvenile court as a result of delinquent behavior "shall, in conformity with the interests of public safety and protection, receive care, treatment, and guidance that is consistent with their best interest, that holds them accountable for their behavior, and that is appropriate for their circumstances. This guidance may include punishment that is consistent with the rehabilitative objectives of this chapter." (§ 202, subd. (b); see *In re S. S.* (1995) 37 Cal.App.4th 543, 550 [43 Cal.Rptr.2d 768].) Consistent with this mandate, the Legislature enacted section 654, which this court has explained "authorizes an informal supervision program for a minor who in the opinion of the probation officer is, or will probably soon be, within the jurisdiction of the

juvenile court. The purpose of the informal supervision program is to provide assistance and services to the minor and the minor's family to 'adjust the situation' and avoid further involvement in the formal juvenile criminal justice system. . . . [¶] In 1989 section 654.2 was enacted to permit the court to order a section 654 informal supervision program for a minor after a section 602 petition has been filed." (*In re Adam R.* (1997) 57 Cal.App.4th 348, 351–352 [67 Cal.Rptr.2d 76], fn. omitted; see *In re Abdirahman S.* (1997) 58 Cal.App.4th 963, 967–968 [68 Cal.Rptr.2d 402].)

The underlying purpose of section 654 informal supervision is to avoid a true finding on criminal culpability, which would result in a criminal record for the minor. (*In re Abdirahman S., supra,* 58 Cal.App.4th at p. 968; *In re Adam R., supra,* 57 Cal.App.4th at p. 352.) By enacting section 654.2, the Legislature intended to further address delinquency at its inception, indeed at its earliest signs, within a less structured program, even after the filing of the petition. "To meet this objective it gave the courts more authority to deal with minors before they become habitual criminals. Section 654.2 created a new power in the juvenile courts by allowing them to order informal supervision after a petition had been filed. This power is in addition to the probation officer's already existing prepetition discretion. [Citations.]" (*In re Armondo A.* (1992) 3 Cal.App.4th 1185, 1189 [5 Cal.Rptr.2d 101]; see *In re Adam R., supra,* 57 Cal.App.4th at p. 352; *In re Adam D.* (1997) 56 Cal.App.4th 100, 103 [65 Cal.Rptr.2d 15].)

In other words, section 654.2 provides the court with discretion to order informal supervision postpetition but before adjudication of the charges alleged in the petition, rather than continuing with the petition proceedings.[4] " 'If under section 654.2 the court orders the minor to participate in a program of informal supervision as set forth in section 654 and the minor satisfactorily completes that program, the petition must be dismissed. If the minor does not satisfactorily complete the program, there is no statutory provision for dismissal of the petition; rather, the proceedings on the petition

---

[4] Section 654.2 provides in pertinent part: "(a) If a petition has been filed by the prosecuting attorney to declare a minor a ward of the court under Section 602, the court may, without adjudging the minor a ward of the court and with the consent of the minor and the minor's parents or guardian, continue any hearing on a petition for six months and order the minor to participate in a program of supervision as set forth in Section 654. If the probation officer recommends additional time to enable the minor to complete the program, the court at its discretion may order an extension. Fifteen days prior to the final conclusion of the program of supervision undertaken pursuant to this section, the probation officer shall submit to the court a followup report of the minor's participation in the program. The minor and the minor's parents or guardian shall be ordered to appear at the conclusion of the six-month period and at the conclusion of each additional three-month period. If the minor successfully completes the program of supervision, the court shall order the petition be dismissed. If the minor has not successfully completed the program of supervision, proceedings on the petition shall proceed no later than 12 months from the date the petition was filed."

continue.' " (*In re Adam R., supra*, 57 Cal.App.4th at p. 352, quoting *In re Adam D., supra*, 56 Cal.App.4th 100, 103.)

Concerning the program of informal supervision, section 654 provides that it "may call for the minor to obtain care and treatment for the misuse of or addiction to controlled substances from a county mental health service or other appropriate community agency." Section 654 also states that "[t]he program of supervision shall require the parents or guardians of the minor to participate with the minor in counseling or education programs, including, but not limited to, parent education and parenting programs operated by community colleges, school districts, or other appropriate agencies designated by the court if the program of supervision is pursuant to the procedure prescribed in Section 654.2." Moreover, "[a]ny minor who is placed in a program of supervision set forth in Section 654 or 654.2 for a violation of an offense . . . for violating . . . Section 23140 or 23152 of the Vehicle Code, shall be required to participate in and successfully complete an alcohol or drug education program from a county mental health agency or other appropriate community program." (§ 654.4.)

In addition, in 1990, the Legislature added section 654.6 which provides that "[a] program of supervision pursuant to Section 654 or 654.2 for any minor described in Section 602 shall include constructive assignments that will help the minor learn to be responsible for his or her actions. The assignments may include, but not be limited to, requiring the minor to perform at least 10 hours of community service, requiring the minor to repair damaged property or to make other appropriate restitution, or requiring the minor to participate in an educational or counseling program. . . ." (§ 654.6, added by Stats. 1990, ch. 258, § 2, p. 1529.)

If the program of informal supervision is not satisfactorily completed and the petition continues, after adjudication of the charges alleged in the petition, "[t]here is no procedure for converting a section 725, subdivision (a) formal probation disposition into a section 654.2 informal supervision program; they are two separate, mutually exclusive programs. The section 654.2 informal supervision alternative is selected prior to adjudication of the petition allegations and the jurisdictional hearing is continued for at least six months. The section 725, subdivision (a) alternative is selected at the dispositional hearing after adjudication of the petition allegations in which a finding is made that the minor is a person described in section 602 and probation is ordered." (*In re Adam D., supra*, 56 Cal.App.4th at p. 103.) Although informal supervision is no longer a viable alternative at this stage of the proceedings (*In re Abdirahman S., supra*, 58 Cal.App.4th at p. 968), supervised (§ 725,

subd. (a)) and unsupervised (§ 727, subd. (a)) probation are available dispositional alternatives, even when a minor is adjudged a ward of the court under section 602. (*In re Trevor W.* (2001) 88 Cal.App.4th 833, 836 [106 Cal.Rptr.2d 169].)

In 2000, another alternative disposition in juvenile cases was added by initiative measure (Prop. 21, § 29, as approved by voters, Primary Elec. (Mar. 7, 2000)) to provide a postplea diversion program or deferred entry of judgment (DEJ). (§ 790 et seq.) DEJ may apply "[n]otwithstanding Section 654 or 654.2, or any other provision of law . . . whenever a case is before the juvenile court for a determination of whether a minor is a person described in Section 602 because of the commission of a felony offense, if [certain listed circumstances apply]." (§ 790, subd. (a).) Essentially, this DEJ program provides that "in lieu of jurisdictional and disposition hearings, the court may grant a deferred entry of judgment with respect to any offense charged in the petition, provided that the minor admits each allegation contained in the petition and waives time for the pronouncement of judgment, and that upon the successful completion of the terms of probation, as defined in Section 794, the positive recommendation of the probation department, and the motion of the prosecuting attorney, but no sooner tha[n] 12 months and no later than 36 months from the date of the minor's referral to the program, the court shall dismiss the charge or charges against the minor." (§ 791, subd. (a)(3).) If the minor fails to comply with the terms of probation or any of the rules of any program the minor is directed to attend for the DEJ program, the court may, after motion, enter the judgment that has been deferred and set a dispositional hearing. (§ 793, subds. (a), (b).)

The terms and conditions of DEJ participation specifically include "the requirement that the minor be subject to warrantless searches of his or her person, residence, or property under his or her control, upon the request of a probation officer or peace officer." (§ 794.) Such Fourth Amendment waiver, which is essentially an express waiver of a fundamental constitutional right to be free from random searches, like one imposed as a condition of formal probation, is a "supervisorial procedure" related to the probationer's "reformation and rehabilitation in light of the offense of which he was convicted" and is designed also to serve as a deterrent for probationers. (*People v. Kern* (1968) 264 Cal.App.2d 962, 965 [71 Cal.Rptr. 105].)

B.  *Analysis*

■  As the above statutes reflect, in addition to the juvenile court's broad discretion in selecting appropriate probation conditions for "the reformation

and rehabilitation" of a minor under its jurisdiction after adjudication of petition allegations in which a finding is made that the minor falls under section 601 or 602 due to delinquent behavior (see §§ 725, 730), it may also impose certain specific statutory conditions as programs of supervision under the two mutually exclusive diversionary alternatives to the juvenile justice system already mentioned.

Specifically, sections 654 and 654.2 provide a program of informal supervision for preplea situations pertaining to statutorily qualifying minors under section 654.3[5] and section 790 et seq. provide a program of supervision for postplea situations pertaining to minors qualified under that section. Although both alternative statutes contemplate diverting minors from the juvenile justice system by avoiding full adjudication of the charges in a petition, they present vastly different approaches for treating separate classes of juvenile offenders. Generally, the program of informal supervision under section 654 or 654.2 applies only to first-time minor offenders who are alleged to have committed no more than misdemeanors or infractions and is available only before any admission to those alleged charges or a court determination the minor is within the jurisdiction of the juvenile court. Such program also precludes minors who have previously been in informal supervision, who have had a prior wardship judgment and who are over the age of 14 and are alleged to have committed a felony, unless the juvenile court expressly finds the minor's case unusual and imposes the informal supervision in the interests of justice. (§ 654.3.) In essence, the informal supervision program provided for under sections 654 and 654.2 is reserved for the least experienced delinquent minor

---

[5] Section 654.3 provides: "No minor shall be eligible for the program of supervision set forth in Section 654 or 654.2 in the following cases, except in an unusual case where the interests of justice would best be served and the court specifies on the record the reasons for its decision: [¶] (a) A petition alleges that the minor has violated an offense listed in subdivision (b) of Section 707. [¶] (b) A petition alleges that the minor has sold or possessed for sale a controlled substance as defined in Chapter 2 (commencing with Section 11053) of Division 10 of the Health and Safety Code. [¶] (c) A petition alleges that the minor has violated Section 11350 or 11377 of the Health and Safety Code where the violation takes place at a public or private elementary, vocational, junior high school, or high school, or a violation of Section 245.5, 626.9, or 626.10 of the Penal Code. [¶] (d) A petition alleges that the minor has violated Section 186.22 of the Penal Code. [¶] (e) The minor has previously participated in a program of supervision pursuant to Section 654. [¶] (f) The minor has previously been adjudged a ward of the court pursuant to Section 602. [¶] (g) A petition alleges that the minor has violated an offense in which the restitution owed to the victim exceeds one thousand dollars ($1,000). For purposes of this subdivision, the definition of 'victim' in paragraph (1) of subdivision (a) of Section 730.6 and 'restitution' in subdivision (h) of Section 730.6 shall apply. [¶] (h) The minor is alleged to have committed a felony offense when the minor was at least 14 years of age. Except in unusual cases where the court determines the interest of justice would best be served by a proceeding pursuant to Section 654 or 654.2, a petition alleging that a minor who is 14 years of age or over has committed a felony offense shall proceed under Article 20.5 (commencing with Section 790) or Article 17 (commencing with Section 675)."

whose rehabilitation is thought best handled through various programs involving the minor and his or her parent or guardian without further involving the juvenile criminal justice system. (§§ 654–654.6.)

The section 790 DEJ program, on the other hand, applies to minors 14 years and older who have committed felony offenses and who have not previously been declared wards of the court for a felony or been "committed to the custody of the Youth Authority." (§ 790, subd. (a).) Such diversionary program is available only postplea after the minor admits culpability for the crimes alleged in the petition. When this slightly more seasoned minor offender is found eligible for the program, judgment is deferred while the minor is placed on a type of supervised probation, which includes a mandated Fourth Amendment waiver as a condition of every grant of DEJ. (§§ 790–794.)

That no Fourth Amendment waiver condition is similarly included in the statutory language defining the informal supervision program under sections 654 and 654.2 is clearly reasonable in light of the difference in the status of the minor offenders to which the preplea diversionary program applies as well as that program's stated purpose to divert minors away from the juvenile justice system before admission of guilt or a finding of jurisdiction and wardship. A minor who has been placed on informal supervision has not been adjudged to have committed an offense. Had the Legislature intended to include a Fourth Amendment waiver as a condition of the informal supervision program, it could have done so. That it did not do so when it enacted section 654 in 1982, or when it added sections 654.2, 654.3 and 654.4 in 1989, or section 654.6 in 1990, or when section 790 was added in 2000 that included a search term, further supports Derick's position that the Legislature did not intend that a minor would be subject to a waiver of his or her Fourth Amendment right to be free of warrantless and random search and seizures by probation and police officers where the minor is granted informal supervision without an admission of culpability. Thus even though a search condition may be proper when alcohol- and drug-related issues are involved for formal juvenile probation (*In re Laylah K.* (1991) 229 Cal.App.3d 1496, 1502 [281 Cal.Rptr. 6], disapproved on other grounds in *In re Sade C.* (1996) 13 Cal.4th 952, 962, fn. 2, 983, fn. 13 [55 Cal.Rptr.2d 771, 920 P.2d 716]) or for supervised probation under the DEJ postplea program (§ 794), we do not believe such Fourth Amendment waiver condition is authorized when the minor is granted informal supervision under sections 654 or 654.2.

Although we are mindful of the marked differences between juvenile court proceedings and adult criminal proceedings (see *In re Myresheia W.* (1998) 61 Cal.App.4th 734, 740–741 [72 Cal.Rptr.2d 65)], we agree with Derick that in the absence of any statutory provision in the sections defining

the "less-structured" informal supervision program of sections 654 and 654.2 and in light of that program's stated goals, the juvenile court does not have the inherent power to impose a Fourth Amendment waiver as a condition of such program. Like the nearly analogous situation in the context of adult diversion under Penal Code section 1000, the preplea diversionary informal supervision program is "a creature of statute" and as noted above does not include any provision authorizing a search condition for such program. (*Terry, supra*, 73 Cal.App.4th at p. 665.)

█ Nor do we believe that our Supreme Court's finding in *Charles S. v. Superior Court* (1982) 32 Cal.3d 741 [187 Cal.Rptr. 144, 653 P.2d 648] that a restitution condition was proper for a program of informal supervision in the absence of former section 654 mentioning restitution requires we reach a different conclusion. Although the court in *Charles S.* partially based such finding on the juvenile court's general powers under former sections 730 and 731 to order restitution from a minor adjudged a ward of the court, it primarily reasoned that restitution served a rehabilitative purpose by impressing upon a minor who possibly could become a ward of the court the gravity of the harm he or she had done and provided that minor an opportunity to make amends with the assistance of his or her parents as an integral part of the informal supervision program. (*Charles S., supra*, 32 Cal.3d at pp. 747–749.) As noted before, the operative statute defining the informal supervision program under section 654 has been added to and amended several times since its enacting statute that was considered in *Charles S.*, and another mutually exclusive diversionary provision for DEJ has also been added to the criminal juvenile justice system since that time. Although restitution is now mentioned and specifically provided for in section 654.6, no similar mention of a Fourth Amendment waiver, as in section 794 for the DEJ program, is made in the informal supervision program statutes under sections 654 and 654.2. Moreover, the restitution condition in *Charles S.* did not involve the minor giving up a constitutional right and involved only the minor and his parents and not other officials who would become involved in the program to conduct random searches pursuant to a Fourth Amendment waiver condition essentially inconsistent with the stated philosophy and purpose of the informal supervision under sections 654 and 654.2 to divert the minor away from formal juvenile probation.

█ Because Derick was found eligible for informal supervision under section 654.2, the court was authorized to impose certain conditions specified in sections 654 through 654.6 for his program of informal supervision. As explained above, those statutory conditions did not include or authorize a Fourth Amendment waiver. That the court imposed such condition in this case was therefore unauthorized and that condition must be vacated.

## DISPOSITION

Let a writ of prohibition issue directing the court to vacate its May 26, 2009 order imposing a Fourth Amendment waiver condition on Derick's informal supervision pursuant to section 654.2. This decision will become final as to this court 10 days after it is filed. (Cal. Rules of Court, rule 8.490(b)(3).)

McIntyre, J., and Irion, J., concurred.

Petitioner's petition for review by the Supreme Court was denied March 10, 2010, S179220. Baxter, J., and Chin, J., were of the opinion that the petition should be granted.