Filed 9/16/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re A.J., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>A.J.,<br><br>    Defendant and Appellant. | A155044<br><br>(Solano County<br>Super. Ct. No. J43873) |

This is an appeal from an order denying the request by defendant A.J. (minor) for informal supervision under Welfare and Institutions Code section 654.2 in lieu of a declaration of wardship.[1] After the juvenile court issued its order, minor admitted the allegation that he committed vehicular manslaughter without gross negligence (Pen. Code, § 192, subd. (c)(2)), was adjudged a ward of the court, placed on probation and ordered to pay restitution in an amount to be determined by the probation department. For reasons set forth below, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On October 24, 2017, a juvenile wardship petition was filed pursuant to Welfare and Institutions Code section 602, subdivision (a), alleging that minor committed one

---

[1] Unless otherwise stated, all statutory citations herein are to the Welfare and Institutions Code.

count of misdemeanor vehicular manslaughter without gross negligence in violation of Penal Code section 192, subdivision (c)(2) (hereinafter, petition).[2]

On June 8, 2018, minor filed a motion asking the juvenile court to grant him informal supervision pursuant to section 654 in lieu of adjudging him a ward of the court under section 602. The probation department supported minor's request, noting, among other things, that minor was remorseful, had no prior delinquency history or significant disciplinary record, had been receptive to receiving services throughout these proceedings and, in fact, had taken the initiative to obtain services, and had full familial support. The prosecution, however, opposed minor's request and a contested hearing was held.

At the conclusion of this contested hearing, the juvenile court rejected minor's request for informal supervision, reasoning that he was statutorily ineligible for informal supervision under section 654.3, subdivision (g) because "[r]estitution can clearly be over [$1,000] in this case" given the likely expense to the victim's family of burial costs and other economic losses. In so reasoning, the juvenile court rejected minor's arguments that, one, no permissible claims for restitution had been made by the victim's family[3] and, two, this was an unusual case arising from "a tragic accident" where the interests of justice would best be served by informal supervision notwithstanding the potential restitution issue. (See § 654.3.)

After the juvenile court denied the request for informal supervision, a readiness conference was held at which minor admitted the allegations in the petition. The

---

[2] Minor made an illegal left turn while driving his father's car shortly after being issued a provisional driver's license and killed a motorcyclist.

[3] The victim's mother submitted a questionable restitution claim in excess of $5,000 that included the cost of a vehicle she claimed she was " 'forced' " to buy because she had previously relied on her son for her transportation needs. The victim's father reported to the probation department that he had not yet decided whether to submit a restitution claim and later indicated to the prosecution that he was considering submitting a claim for funeral and burial expenses. However, the father had not submitted any claim as of the date of the contested hearing.

probation department thereafter recommended minor be granted informal probation pursuant to section 725 without being adjudged a ward of the court. The juvenile court, however, rejected this recommendation, adjudged minor a ward of the court, placed him on formal probation and ordered him to pay restitution in an amount to be determined by the probation department.

After minor timely appealed the juvenile court's order denying him informal supervision, the prosecution moved to dismiss his appeal for mootness. In doing so, the prosecution asserted that, after the challenged ruling was made, minor successfully completed his probationary term and the juvenile court dismissed the petition, terminated his wardship and ordered his juvenile record sealed. As such, the prosecution reasoned, there is no effective relief available to minor on appeal. Minor filed an opposition to this motion based on several grounds, including the lack of evidence in the appellate record that the juvenile court in fact dismissed the petition and sealed his juvenile record.

On May 14, 2019, this court deferred ruling on the prosecution's motion to dismiss until consideration of the appeal on the merits. Accordingly, the parties timely filed their respective appellate briefs, which we have now considered in full.

**DISCUSSION**

Minor contends the juvenile court erred when it denied his motion for informal supervision under section 654.2, thereafter adjudged him a ward of the court under section 602, and placed him on formal probation. Minor requests that we reverse the juvenile court's denial and remand with instructions to withdraw minor's admission of the allegations in the petition and place him on informal supervision under section 654.2. Alternatively, if the juvenile court finds minor has successfully completed the requirements of informal supervision in the interim time period, minor asks that we instruct the court to dismiss the petition.

The prosecution, in turn, asks that we dismiss minor's appeal as moot or, alternatively, that we determine minor has forfeited his challenge on appeal because "[he] did not object to the trial court's exercise of its discretion to grant or deny [his] request for informal supervision, nor did he object to the trial court's finding that he was

3

presumptively ineligible for such supervision" based on the amount of restitution owed to the victim's family.

Turning first to the prosecution's threshold arguments, we agree with minor that the appellate record provides no factual basis for dismissing his appeal for mootness. The essence of the prosecution's motion to dismiss the appeal is this: This court cannot grant minor any effective relief on appeal because he has already completed probation, the petition was dismissed, his record was sealed, and there is no collateral consequence of his sealed juvenile record. As minor points out, however, there is nothing in the appellate record that establishes, first, that the petition was actually dismissed and, second, that his juvenile record has been sealed. While the record was recently augmented to include a reporter's transcript establishing that, on January 22, 2019, the juvenile court found minor successfully completed the terms of his wardship and entered an order terminating the wardship as satisfactory, this transcript does not establish the petition was dismissed and his record sealed. Accordingly, there are inadequate facts in our record to support the prosecution's motion for dismissal.[4]

We also reject the prosecution's forfeiture argument. "[T]he purpose of the section 654 informal supervision program is to avoid a true finding on criminal culpability which would result in a criminal record for the minor. If the informal supervision program is satisfactorily completed by the minor, the petition must be dismissed." (*In re Adam R.* (1997) 57 Cal.App.4th 348, 352.) Here, minor requested that the juvenile court place him on informal supervision after a section 602 petition was filed in his case. Although the probation department recommended that minor's request be granted, the juvenile court denied it after finding that, pursuant to section 654.3, subdivision (g), minor was not eligible for the informal supervision program because he would likely owe restitution in an amount exceeding $1,000. In doing so, the juvenile

---

[4] Minor raises several other legal and policy grounds for denying the prosecution's motion to dismiss his appeal. However, given our conclusion that the appellate record fails to support the prosecution's motion, we need not address minor's alternative grounds.

court considered and rejected the argument raised by minor's counsel that there was no information before the court that restitution would be in excess of $1,000.

In arguing minor has forfeited his challenge on appeal to the juvenile court's denial of his informal supervision request, the prosecution points out that, in this court, minor raises an argument not made below, based on the statutory language of section 654.3, subdivision (g). Specifically, section 654.3, subdivision (g) provides: "No minor shall be eligible for the program of supervision set forth in Section 654 or 654.2 in the following cases, except in an unusual case where the interests of justice would best be served and the court specifies on the record the reasons for its decision: [¶] . . . [¶] (g) *A petition alleges that the minor has violated an offense in which the restitution owed to the victim exceeds one thousand dollars ($1,000). . . .*" (§ 654.3, subd. (g), italics added.) According to one of minor's arguments on appeal, the juvenile court erroneously relied on this provision to deny his request because the petition did not specifically allege he owed victim restitution in excess of $1,000—an argument the prosecution insists was not raised below. However, while it may be true minor's legal arguments are more developed on appeal than his arguments in the juvenile court, the essence remains the same: Minor contends the presumption of ineligibility set forth in section 654.3, subdivision (g) does not apply in his case. Because minor's arguments below were sufficient to fairly inform the juvenile court and the prosecution of the specific reason(s) for objecting to the court's ruling, we conclude minor's challenge is properly before us for review. (See *People v. Geier* (2007) 41 Cal.4th 555, 609 [an objection suffices to preserve an issue on appeal if it " 'fairly inform[s] the trial court, as well as the [opposing] party . . . , of the specific reason or reasons the objecting party believes [a particular ruling should be made], so the [opposing] party . . . can respond appropriately and the court can make a fully informed ruling' "].) Accordingly, we proceed to the merits.

The statutory law governing the juvenile court's informal supervision program is fairly straightforward. Section 654.2, subdivision (a) gives the court discretion to order a program of informal supervision for a minor without adjudging him or her a ward of the

5

court.  (§ 654.2, subd. (a) ["If a petition has been filed by the prosecuting attorney to declare a minor a ward of the court under Section 602, the court may, without adjudging the minor a ward of the court and with the consent of the minor and the minor's parents or guardian, continue any hearing on a petition for six months and order the minor to participate in a program of supervision as set forth in Section 654"]; see also *Kody P. v. Superior Court* (2006) 137 Cal.App.4th 1030, 1033.)  At the same time, section 654.3 delineates certain circumstances under which a minor is presumptively ineligible for this program, including the circumstance relevant here, where it is alleged in the section 602 petition that the minor has violated an offense in which the restitution owed to the victim exceeds $1,000.  (§ 654.3, subds. (a)–(h).)  Also under section 654.3, the juvenile court has discretion to override any of these statutory presumptions "in an unusual case where the interests of justice would best be served and the court specifies on the record the reasons for its decision . . . ."  (§ 654.3.)

Applying these statutory provisions to the case at hand, we conclude the juvenile court's finding that minor is not eligible for informal supervision because "[r]estitution can clearly be over [$1,000] in this case" was appropriate.  In so concluding, we first reject minor's argument based on the statutory language of section 654.3, subdivision (g) that the court's ruling is erroneous because the petition filed against him "contained no statement as to the amount of restitution and the victim's family had not submitted any permissible claims or evidence of restitution at the time of the section 654.2 hearing." Minor reads this provision too narrowly, as it requires *allegations* of an offense in which restitution owed to the victim exceeds $1,000, rather than proof of permissible claims or restitution over the stated amount.  (§ 654.3, subd. (g).)  And here, the petition clearly alleged that minor committed vehicular manslaughter in violation of Penal Code section 192, subdivision (c)(2), "in that said minor did unlawfully, and without malice, kill G. S., a human being . . . ."  The petition further alleged minor's parent or guardian "may be liable for the payment of court-ordered restitutions."  While minor is correct the petition—filed at the onset of these proceedings—was silent as to the actual amount of restitution owed, as the juvenile court explained at the subsequent contested hearing,

6

there were several inferences relating to the potential amount of restitution that could reasonably be drawn based on the serious nature of his crime alone, which crime resulted in the victim's death notwithstanding the absence of malice or gross negligence. (See *Derick B. v. Superior Court* (2009) 180 Cal.App.4th 295, 301 ["section 654.2 provides the court with discretion to order informal supervision postpetition but *before adjudication* of the charges alleged in the petition, rather than continuing with the petition proceedings," italics added].)

Specifically, while minor insists it is mere speculation that restitution could exceed $1,000, at the hearing both parties agreed restitution above this amount was indeed possible given that minor's offense resulted in a death. The victim's mother had already submitted a restitution claim seeking $5,660.24, an amount covering her travel expenses to and from court, as well as the cost for her to acquire a vehicle that she asserted was necessary because she had relied on her son to provide her transportation until his death. In addition, while the victim's father had not yet submitted a claim for restitution, it was the prosecutor's understanding that he had indicated that he was considering submitting a claim for burial and funeral expenses. The probation officer testified at the hearing that she "would imagine" that, should father claim restitution for either burial expenses or mental health counseling, his claim would exceed $1,000. In light of these circumstances, the juvenile court concluded when applying section 654.3 to the facts at hand that it "can't ignore the amount of restitution. I just want to make sure the parties agree that restitution could be over a thousand dollars because we have a claim by one individual already over 5,000. Whether that's going to be ordered or not, we don't know. But the way the court has to look at it in terms of timing of how to process the case is whether it can be over a thousand dollars. That's not even taking into account any economic loss or property damage of the motorcycle, burial. Counseling for the extended family members we've heard from today . . . . I mean, I can see pain on both sides here." This record clearly supports the lower court's analysis. (See *In re Armondo A*. (1992) 3 Cal.App.4th 1185, 1190–1191 [at a contested hearing regarding a minor's suitability for

7

inclusion in the informal supervision program, the juvenile court should consider all relevant information as presented by the probation department].)

Thus, while minor makes much of the fact that the victim's family had not submitted any permissible claims or information about restitution by the time of the section 654.2 hearing, the statutory law does not require the victim or victim's family to submit claims, or the prosecution to present evidence of restitution in excess of $1,000, before the juvenile court may apply the presumption of ineligibility. Rather, as stated above, this presumption applies if the section 602 petition *alleges* the minor has violated an offense in which the restitution owed to the victim exceeds $1,000. The petition meets this standard, as it alleges an offense, vehicular manslaughter resulting in the death of a human being, that by its very nature carries the potential for property and other economic loss likely to exceed $1,000, including funeral and burial expenses.

Finally, we acknowledge that minor augmented the record on appeal with evidence that the juvenile court ultimately ordered restitution in the amount of $770 based upon a stipulation by the parties. This evidence, which did not exist when the juvenile court decided minor's request for informal supervision, does not alter our analysis or conclusion that the court acted appropriately based on the record that was before it.[5]

## DISPOSITION

The juvenile court's order is affirmed.

---

[5] When denying minor's request for informal supervision, the juvenile court made the additional finding that his case did not qualify under section 654.3 as an " 'unusual case where the interest of justice would best be served' " by granting informal supervision in lieu of adjudging him a ward of the court, notwithstanding the fact that restitution could exceed $1,000. Minor has not challenged this discretionary finding on appeal and, accordingly, we affirm the order without addressing it further.

_____

Wick, J.*

WE CONCUR:


_____

Fujisaki, Acting P. J.


_____

Petrou, J.

_____

&ast; Judge of the Superior Court of Sonoma County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

A155044/In re A.J.

Trial Court:    Superior Court of Contra Costa County

Trial Judge:    Donna L. Stashyn, J.

Counsel:      Law Office of Erin W. Keefe and Erin W. Keefe for Defendant and Appellant.

                Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Jeffrey M. Laurence, Assistant Attorney General, Arthur P. Beever and Christen Somerville, Deputy Attorneys General, for Plaintiff and Respondent.