Filed 6/17/20

**CERTIFIED FOR PARTIAL PUBLICATION***

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re S.J., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>S.J.,<br><br>     Defendant and Appellant. | A157266<br><br>(Contra Costa County<br>Super. Ct. No. J1801000) |

Appellant S.J. (Appellant), born September 2001, appeals from the juvenile court's dispositional order following sustained allegations of driving under the influence (Veh. Code, § 23152, subds. (a) and (b)). We affirm the court's denial of informal supervision, but we remand for recalculation of the penalties imposed on Appellant, most of which were inapplicable in this non-criminal proceeding. (Welf. & Inst. Code, § 203.)[1]

---

     * Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part I.

     [1] All undesignated statutory references are to the Welfare & Institutions Code.

## BACKGROUND

On October 6, 2018, Appellant borrowed his brother's car to attend a party.[2] He consumed alcohol and decided to drive home around midnight. He veered off the road and hit a parked car and a fence. The responding officers observed signs of intoxication ("red and watery eyes, odor of alcoholic beverage, slow and slurred speech"), field sobriety tests showed signs of impairment, and a breath test showed Appellant's blood alcohol level was 0.12%.

In November 2018, the Contra Costa County District Attorney filed a petition under section 602, subdivision (a) alleging three counts: misdemeanor driving under the influence (Veh. Code, § 23152, subd. (a)); misdemeanor driving while having a blood alcohol level of 0.08% or more (Veh. Code, § 23152, subd. (b)); and misdemeanor driving without a license (Veh. Code, § 12500, subd. (a)).

In February 2019, the juvenile court found Appellant not suitable for informal supervision.

In March 2019, the juvenile court sustained the allegations in the first two counts, but dismissed the driving without a license allegation. In May, the court declared Appellant a ward of the court and directed the Probation Department to supervise him at home. The court imposed a $75 restitution fine, a $390 fine for violation of Vehicle Code section 23152, and an additional $1,355 in penalties.[3]

This appeal followed.

---

[2] The facts regarding the underlying incident and Appellant's suitability for informal supervision (see Part I, *post*) are taken from the Probation Department's February 2019 report.

[3] The specific penalties are detailed below in Part II.

DISCUSSION

I.     *The Juvenile Court Did Not Abuse Its Discretion In Denying Informal*
       *Supervision*

Appellant contends the juvenile court abused its discretion in finding
him unsuitable for informal supervision.  We reject the claim.

A.     *Legal Background*

"The Legislature has mandated that minors who fall within the
jurisdiction of the juvenile court as a result of delinquent behavior 'shall, in
conformity with the interests of public safety and protection, receive care,
treatment, and guidance that is consistent with their best interest, that holds
them accountable for their behavior, and that is appropriate for their
circumstances.  This guidance may include punishment that is consistent
with the rehabilitative objectives of this chapter.' [Citations.]  Consistent
with this mandate, the Legislature enacted section 654, which this court has
explained 'authorizes an informal supervision program for a minor who in the
opinion of the probation officer is, or will probably soon be, within the
jurisdiction of the juvenile court.  The purpose of the informal supervision
program is to provide assistance and services to the minor and the minor's
family to "adjust the situation" and avoid further involvement in the formal
juvenile criminal justice system.' " (*Derick B. v. Superior Court* (2009) 180
Cal.App.4th 295, 300–301 (*Derick B.*).)

"By enacting section 654.2, the Legislature intended to further address
delinquency at its inception, indeed at its earliest signs, within a less
structured program, even after the filing of the petition.  'To meet this
objective it gave the courts more authority to deal with minors before they
become habitual criminals.  Section 654.2 created a new power in the juvenile
courts by allowing them to order informal supervision after a petition had

3

been filed.  This power is in addition to the probation officer's already existing prepetition discretion.' " (*Derick B.*, *supra*, 180 Cal.App.4th at p. 301.)  "In other words, section 654.2 provides the court with discretion to order informal supervision postpetition but before adjudication of the charges alleged in the petition, rather than continuing with the petition proceedings. ' "If under section 654.2 the court orders the minor to participate in a program of informal supervision as set forth in section 654 and the minor satisfactorily completes that program, the petition must be dismissed.  If the minor does not satisfactorily complete the program, there is no statutory provision for dismissal of the petition; rather, the proceedings on the petition continue." ' " (*Derick B.*, at pp. 301–302.)

"Concerning the program of informal supervision, section 654 provides that it 'may call for the minor to obtain care and treatment for the misuse of or addiction to controlled substances from a county mental health service or other appropriate community agency.'  Section 654 also states that '[t]he program of supervision shall require the parents or guardians of the minor to participate with the minor in counseling or education programs, including, but not limited to, parent education and parenting programs operated by community colleges, school districts, or other appropriate agencies designated by the court if the program of supervision is pursuant to the procedure prescribed in Section 654.2.'  Moreover, '[a]ny minor who is placed in a program of supervision set forth in Section 654 or 654.2 . . . for violating . . . Section 23140 or 23152 of the Vehicle Code, shall be required to participate in and successfully complete an alcohol or drug education program from a county mental health agency or other appropriate community program.' (§ 654.4.)" (*Derick B.*, *supra*, 180 Cal.App.4th at p. 302.)

"In essence, the informal supervision program provided for under sections 654 and 654.2 is reserved for the least experienced delinquent minor whose rehabilitation is thought best handled through various programs involving the minor and his or her parent or guardian without further involving the juvenile criminal justice system." (*Derick B.*, *supra*, 180 Cal.App.4th at pp. 304–305.)

A juvenile court's denial of informal supervision is reviewed for abuse of discretion. (*Kody P. v. Superior Court* (2006) 137 Cal.App.4th 1030, 1033, 1036; *In re Armondo A.* (1992) 3 Cal.App.4th 1185, 1189–1190.)

B.    *Factual Background*

The juvenile court directed the Probation Department to screen Appellant for informal supervision, and in February 2019 the department filed a report recommending denial. The report did not identify any prior offenses by Appellant. Appellant told the probation officer he regretted his action and had learned his lesson. He said he did not belong to a gang and his goal was to graduate high school and find a union construction job. Appellant had good school attendance, but his grades were very poor, including many F's in the past two years. Appellant admitted previously using marijuana twice a week and consuming alcohol.

The Probation Department's report stated that Appellant's family support system "appears to be stable" and that his mother said he "behaves in a prosocial manner at home." Appellant completed the "Alive by 25" program. Nevertheless, the department expressed concern about the risk of serious harm presented by Appellant's conduct and about Appellant's poor grades, marijuana use, and the lack of consequences at home. The report recommended the juvenile court deny informal supervision because Appellant needed more formal monitoring, "including a search and seizure clause, to

5

effectively supervise and to ensure the minor refrains from drug and alcohol use."

At the hearing, the probation officer observed, "I think that if this minor had been doing better in school and his parents had a better handle on things, he would be more appropriate. But because it does appear he has a lack of supervision and consequences provided at home and is doing so poor in school with his substance abuse issues, that informal probation would not suffice. We would need a search and seizure clause to effectively supervise him in the community."

The juvenile court denied informal probation, commenting, "a standard term in adult-land for a DUI is search and seizure for alcohol. It's important. And it's particularly important when we have a minor . . . whose parents or his mother has allowed, whether tacitly or expressly, the minor to consume alcohol. So I think that it's a nonstarter where we have facts like these here. So I just don't see how, in a DUI with a .12 and a minor who also smokes marijuana, we can effectively supervise and ensure rehabilitation without a search and seizure clause, which is foreclosed in an informal probation setting."

C.    *Analysis*

Appellant contends the juvenile court abused its discretion in denying informal probation, pointing out Appellant did not have a prior record or involvement with gangs, he completed the "Alive by 25" program, he regretted what he did, and he had a supportive family structure. He points out that the juvenile court in *Derrick B.*, *supra*, 180 Cal.App.4th 295, granted informal probation to a minor charged with the same offenses. Finally, Appellant argues, "The juvenile court could impose conditions such as

6

substance abuse treatment and counseling to address the juvenile court's concerns regarding his drug and alcohol use."

Appellant is correct the juvenile court could have, and indeed would have been required to, impose substance abuse program requirements as a condition of informal probation. (*In re C.Z.* (2013) 221 Cal.App.4th 1497, 1508; *Derick B.*, *supra*, 180 Cal.App.4th at p. 302.) However, it is also true the court could *not* have imposed a search condition. (*Derick B.*, at p. 305.) Appellant appears to suggest a search condition was not necessary to his rehabilitation in light of the entirety of his circumstances and the availability of treatment programs. However, Appellant does not deny the condition is reasonable in juvenile matters involving the use of alcohol and drugs. (*In re Laylah K.* (1991) 229 Cal.App.3d 1496, 1502, disapproved on another ground by *In re Sade C.* (1996) 13 Cal.4th 952; see also *People v. Ramos* (2004) 34 Cal.4th 494, 505–506.) In light of the dangerousness of Appellant's conduct, his poor grades, and the inadequate parental supervision, the juvenile court did not abuse its discretion in denying informal supervision.

II.    *The Juvenile Court Erred in Imposing Various Penalties*

Appellant contends the juvenile court erred when it imposed a number of statutory penalties, because they apply only to criminal convictions, not to juvenile adjudications. Appellant's contentions have merit.

A.    *Background*

At the dispositional hearing, the juvenile court imposed a $390 base fine for violation of Vehicle Code section 23152 and, over Appellant's objection,[4] an additional $1,355 in penalties. The additional penalties

---

[4] Appellant's counsel acknowledged the juvenile court could impose the same fine on Appellant that could be imposed on an adult convicted of the same offense, but argued there was no basis to impose the additional penalties on a juvenile.

7

included a $10 "penalty" for every $10 (or part of $10) of the base fine (Pen. Code, § 1464, subd. (a)(1)); a 20% "surcharge" on the base fine (Pen. Code, § 1465.7, subd. (a)); a $100 "alcohol and drug" program "assessment" (Veh. Code, § 23649, subd. (a)); a $7 "penalty" for every $10 (or part of $10) of the base fine (Gov. Code, § 76000, subd. (a)(1)); a $2 "penalty" for every $10 (or part of $10) of the base fine (Gov. Code, § 76000.5, subd. (a)(1)); a $4 "Emergency Medical Air Transportation" "penalty" (Gov. Code, § 76000.10, subd. (c)(1)); a $5 "state court construction penalty" for every $10 (or part of $10) of the base fine (Gov. Code, § 70372, subd. (a)(1)); a $1 "DNA Identification Fund" "penalty" for every $10 (or part of $10) of the base fine (Gov. Code, § 76104.6, subd. (a)(1)); a $4 "DNA Identification Fund" "penalty" for every $10 (or part of $10) of the base fine (Gov. Code, § 76104.7, subd. (a)); and a $50 "alcohol abuse education and prevention penalty assessment" (Veh. Code, § 23645, subd. (a)).

B. *Analysis*

Appellant does not dispute the juvenile court was authorized to impose the $390 base fine for violation of Vehicle Code section 23152 and the penalty under Penal Code section 1464. That is because section 730.5 provides, "When a minor is adjudged a ward of the court on the ground that he or she is a person described in Section 602, . . . the court may levy a fine against the minor up to the amount that could be imposed on an adult for the same offense, if the court finds that the minor has the financial ability to pay the fine." Vehicle Code section 23536, subdivision (a) specifies that a person convicted of a first violation of Vehicle Code section 23152 shall be punished "by a fine of not less than three hundred ninety dollars ($390)." Section 730.5 further states, "Section 1464 of the Penal Code applies to fines levied pursuant to this section." Penal Code section 1464, subdivision (a)(1),

8

provides for "a state penalty in the amount of ten dollars ($10) for every ten dollars ($10), or part of ten dollars ($10), upon every fine, penalty, or forfeiture imposed and collected by the courts for all criminal offenses." Accordingly, the base fine and the penalty under Penal Code section 1464 were expressly authorized by section 730.5.

Neither does Appellant articulate any claim of error as to the penalties imposed under Penal Code section 1465.7, subdivision (a), and Vehicle Code section 23649, subdivision (a).

Appellant *does* contend the juvenile court erred in imposing the remainder of the penalties. Our analysis is guided by the principle that " 'Although confinement, fines, and fees imposed upon a ward of the juvenile court may be penal in nature and premised upon a finding of criminal misconduct, juvenile adjudications of wardship are not criminal convictions. [Citations.]' [Citation.] Pursuant to []section 203, '[a]n order adjudging a minor to be a ward of the juvenile court shall not be deemed a conviction of a crime for any purpose, nor shall a proceeding in the juvenile court be deemed a criminal proceeding.' " (*In re Gabriel T.* (2016) 3 Cal.App.5th 952, 961 (*Gabriel T.*).) The juvenile court's conclusions regarding the applicability of the penalty statutes are subject to de novo review. (*In re Damien V.* (2008) 163 Cal.App.4th 16, 20 (*Damien V.*).)

In *Gabriel T.*, the court of appeal held the juvenile court erred in imposing a $50 assessment on a juvenile pursuant to Government Code section 70372, subdivision (a)(1),[5] which is also one of the challenged

---

[5] Government Code section 70372, subdivision (a)(1) provides, "Except as otherwise provided in this article, there shall be levied a state court construction penalty, in the amount of five dollars ($5) for every ten dollars ($10), or part of ten dollars ($10), upon every fine, penalty, or forfeiture imposed and collected by the courts for all criminal offenses, including, but not limited to, all offenses involving a violation of a section of the Fish and

9

penalties in the present case. That statute requires imposition of a "state court construction penalty" of $5 for every $10 (or part thereof) "upon every fine, penalty, or forfeiture imposed and collected by the courts for all criminal offenses." *Gabriel T.* held the construction penalty "is inapplicable in an adjudication of wardship" "[u]nder the plain [statutory] language" because the penalty "is collected for criminal offenses," while "juvenile adjudications of wardship are deemed neither criminal convictions nor criminal proceedings." (*Gabriel T.*, *supra*, 3 Cal.App.5th at p. 962.)

We agree with *Gabriel T.* Accordingly, the juvenile court erred in imposing a penalty under Government Code section 70372. Under the same reasoning, the juvenile court also erred in imposing penalties under

---

Game Code, the Health and Safety Code, or the Vehicle Code or any local ordinance adopted pursuant to the Vehicle Code. This penalty is in addition to any other state or local penalty, including, but not limited to, the penalty provided by Section 1464 of the Penal Code and Section 76000."

Government Code sections 76000,[6] 76000.5,[7] 76104.6,[8] and 76104.7.[9]  Those four provisions include the exact same operative language as Government Code section 70372, subdivision (a)(1), providing for additional penalties

[6] Government Code section 76000, subdivision (a)(1) provides, "Except as otherwise provided elsewhere in this section, in each county there shall be levied an additional penalty in the amount of seven dollars ($7) for every ten dollars ($10), or part of ten dollars ($10), upon every fine, penalty, or forfeiture imposed and collected by the courts for all criminal offenses, including all offenses involving a violation of the Vehicle Code or any local ordinance adopted pursuant to the Vehicle Code."  Government Code section 76000, subdivision (a)(2) states, "This additional penalty shall be collected together with and in the same manner as the amounts established by Section 1464 of the Penal Code."

[7] Government Code section 76000.5, subdivision (a)(1) provides, "Except as otherwise provided in this section, for purposes of supporting emergency medical services pursuant to Chapter 2.5 (commencing with Section 1797.98a) of Division 2.5 of the Health and Safety Code, in addition to the penalties set forth in Section 76000, the county board of supervisors may elect to levy an additional penalty in the amount of two dollars ($2) for every ten dollars ($10), or part of ten dollars ($10), upon every fine, penalty, or forfeiture imposed and collected by the courts for all criminal offenses, including violations of Division 9 (commencing with Section 23000) of the Business and Professions Code relating to the control of alcoholic beverages, and all offenses involving a violation of the Vehicle Code or a local ordinance adopted pursuant to the Vehicle Code.  This penalty shall be collected together with and in the same manner as the amounts established by Section 1464 of the Penal Code."

[8] Government Code section 76104.6, subdivision (a)(1) provides, "Except as otherwise provided in this section, for the purpose of implementing the DNA Fingerprint, Unsolved Crime and Innocence Protection Act (Proposition 69), as approved by the voters at the November 2, 2004, statewide general election, there shall be levied an additional penalty of one dollar ($1) for every ten dollars ($10), or part of ten dollars ($10), in each county upon every fine, penalty, or forfeiture imposed and collected by the courts for all criminal offenses, including all offenses involving a violation of the Vehicle Code or a local ordinance adopted pursuant to the Vehicle Code."

11

"upon every fine, penalty, or forfeiture imposed and collected by the courts for all criminal offenses."

We recognize that sections 76000 and 76000.5 of the Government Code state that the additional penalties "shall be collected together with and in the same manner as the amounts established by Section 1464 of the Penal Code." However, that directive does not mean the Government Code penalties are authorized by the language in section 730.5 that "Section 1464 of the Penal Code applies to fines levied pursuant to this section." That language authorizes imposition of the Penal Code section 1464 surcharge, but not any and all penalties that are collected at the same time and manner as the Penal Code surcharge.

The result is the same as to the penalties under Government Code section 76000.10[10] and Vehicle Code section 23645.[11] Government Code

---

[9] Government Code section 76104.7, subdivision (a) provides, "Except as otherwise provided in this section, in addition to the penalty levied pursuant to Section 76104.6, there shall be levied an additional state-only penalty of four dollars ($4) for every ten dollars ($10), or part of ten dollars ($10), in each county upon every fine, penalty, or forfeiture imposed and collected by the courts for all criminal offenses, including all offenses involving a violation of the Vehicle Code or any local ordinance adopted pursuant to the Vehicle Code."

[10] Government Code section 76000.10, subdivision (c)(1) provides, "For purposes of implementing this section, a penalty of four dollars ($4) shall be imposed upon every conviction for a violation of the Vehicle Code or a local ordinance adopted pursuant to the Vehicle Code, except parking offenses subject to Article 3 (commencing with Section 40200) of Chapter 1 of Division 17 of the Vehicle Code."

[11] Vehicle Code section 23645, subdivision (a) provides, "Except as otherwise provided in subdivision (c), any person convicted of a violation of Section 23152 or 23153 shall, in addition to any other fine, assessment, or imprisonment imposed pursuant to law, pay an alcohol abuse education and

12

section 76000.10 mandates imposition of a penalty "upon every conviction for a violation of the Vehicle Code." Vehicle Code section 23645 requires that "any person convicted of a violation of Section 23152 or 23153" pay a penalty assessment. Under section 203, the juvenile court's order adjudging Appellant a ward of the court "shall not be deemed a conviction of a crime for any purpose," so there was no conviction under Vehicle Code section 23152 upon which to base those additional Government Code and Vehicle Code penalties.

The decision in *In re T.P.* (2006) 136 Cal.App.4th 1461, is on point. The court there considered the applicability of a $50 laboratory fee pursuant to Health and Safety Code section 11372.5, which is to be imposed on a "person who is convicted of" specified offenses. The *T.P.* court concluded the fee was inapplicable because "juveniles are not *convicted* of criminal offenses." (*T.P.*, at p. 1463; see also *Egar v. Superior Court* (2004) 120 Cal.App.4th 1306 (*Egar*) [Penal Code section 1465.8 court security fee on each " 'conviction' " not applicable to juvenile adjudications].)

Respondent concedes, as it must, "that a juvenile wardship proceeding is not a criminal proceeding." Nevertheless, it argues the Legislature intended "that penalties applied to juveniles be linked to the adult criminal sentencing laws." Respondent cites to nothing evidencing such a broad intent. Instead, it cites to section 730.5, which evidences only an intent that the same base fines be imposed on juveniles, as well as the Penal Code section 1464 surcharge. Arguably, the circumstance that the Legislature listed *only* that Penal Code penalty supports a conclusion that the Legislature did *not* intend that *all* penalties applicable to adults be imposed

---

prevention penalty assessment in an amount not to exceed fifty dollars ($50) for deposit and distribution pursuant to Section 1463.25 of the Penal Code."

13

on juveniles. (*In re J.W.* (2002) 29 Cal.4th 200, 209 [referring to the "principle, commonly known under the Latin name of *expressio unius est exclusio alterius . . .* that the expression of one thing in a statute ordinarily implies the exclusion of other things"].) In any event, section 730.5 offers no support for respondent's broad assertion.

As explained above, the decisions in *Gabriel T.*, *T.P.*, and *Egar* directly support our conclusion the juvenile court erred in imposing various statutory penalties on Appellant. Respondent does not explain how the reasoning of those cases is inapplicable in the present case. Instead, respondent cites to cases applying various aspects of adult criminal law to juveniles, but *none of the cases consider the applicability of penalties.* (See *In re Jovan B.* (1993) 6 Cal.4th 801, 808–820 [on bail enhancement]; *In re E.G.* (2016) 6 Cal.App.5th 871, 875–884 [treatment of "wobbler" offense]; *Alejandro N. v. Superior Court* (2015) 238 Cal.App.4th 1209, 1223–1226, disapproved on another ground by *In re C.B.* (2018) 6 Cal.5th 118, 130 [reclassification of felony as misdemeanor]; *Damien V.*, *supra*, 163 Cal.App.4th at pp. 20–26 [criminal street gang alternate penalty provision].) We have no quarrel with the proposition that in certain circumstances a statute may be applicable to juveniles despite the use of terms associated with adult criminal proceedings. (*Jovan B.*, at p. 812 ["Of course, juvenile proceedings do not literally result in 'convictions' and juvenile confinements are not 'sentences,' but that cannot be dispositive of the question" in light of the entirety of the statutory scheme].) However, the cases respondent cites were based on a close examination of the statutory language, context, and purposes. In the present case, as in *Gabriel T.*, *T.P.*, and *Egar*, the penalties are inapplicable under the plain statutory language, and respondent points to "no broader context to expand upon the

14

clear language chosen by the Legislature." (*In re Derrick B.* (2006) 39 Cal.4th 535, 543.)

We hold the juvenile court erred in imposing penalties on Appellant under Government Code sections 70372, 76000, 76000.5, 76104.6, 76104.7, and 76000.10, as well as Vehicle Code section 23645, because those penalties are inapplicable to a juvenile adjudged a ward of the court.

DISPOSITION

The penalties imposed on Appellant under Government Code sections 70372, 76000, 76000.5, 76104.6, 76104.7, and 76000.10, as well as Vehicle Code section 23645, are stricken, and the matter is remanded for re-calculation of Appellant's total fine plus penalties. The juvenile court's orders are otherwise affirmed.

_____

SIMONS, Acting P.J.


We concur.


_____

NEEDHAM, J.


_____

BURNS, J.


(*In re S.J.* / A157266)

16

A157266 / In re S.J.

Trial Court:  Superior Court of Contra Costa County

Trial Judge: Honorable Leslie G. Landau

Counsel:  Jessica Morgan Ronco, By Appointment of the First District Court of Appeal under the First District Appellate Project, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, Rene A. Chacon, Supervising Deputy Attorney General, and Masha A. Dabiza, Deputy Attorney General.